(5)      receives public property as a pledge of an obligation on a debt from an employee who is not lawfully authorized to sell or pledge the property;

      (6)      makes or uses a false record or statement to avoid an obligation to pay or transmit property to the state;

      (7)      conspires with another person to perform an act described in subdivisions (1) through (6); or

      (8)      causes or induces another person to perform an act described in subdivisions (1) through (6); is, except as provided in subsection (c), liable to the state for a civil penalty of at least five thousand dollars ($5,000) and for up to three (3) times the amount of damages sustained by the state. In addition, a person who violates this section is liable to the state for the costs of a civil action brought to recover a penalty or damages.

76.      Defendant knowingly presented or caused to be presented to the Indiana Medicaid program false or fraudulent records or statements and false or fraudulent claims for payment and approval, claims which failed to disclose material violations of law, and/or concealed their actions and to avoid or decrease an obligation to pay or transmit money to the state, and conspired with others to do so, all in violation of Indiana Code § 5-11-5.5-2.

77.      The State of Indiana paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Indiana, because of these acts by Defendant.

## COUNT THIRTEEN - VIOLATIONS OF THE LOUISIANA FCA/MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW
### La. Rev. Stat. Ann. § 46:438.3

78.      Relator alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

79.      The Louisiana FCA/Medical Assistance Programs Integrity Law ("Louisiana

27

FCA"), Rev. Stat. Ann. § 46:438.3, specifically provides, in part, that:

A.  No person shall knowingly present or cause to be presented a false or fraudulent claim.

B.  No person shall knowingly engage in misrepresentation or make, use, or cause to be made or used, a false record or statement to obtain payment for a false or fraudulent claim from the medical assistance programs' funds.

C.  No person shall knowingly make, use, or cause to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the medical assistance programs.

D.  No person shall conspire to defraud, or attempt to defraud, the medical assistance programs through misrepresentation or by obtaining, or attempting to obtain, payment for a false or fraudulent claim.

80.  Louisiana FCA, Rev. Stat. Ann. § 46:438.2A(1), specifically provides that:

No person shall solicit, receive, offer or pay any remuneration, including but not limited to kickbacks, bribes, rebates, or . . . payments, directly or indirectly, overtly or covertly, in cash or in kind, for the following: (1) In return for referring an individual to a health care provider, . . . for the furnishing or arranging to furnish any good, supply, or service for which payment may be made, in whole or in part, under the medical assistance programs.

81.  In addition, the Louisiana FCA, Rev. Stat. Ann. § 46:438.3 provides that:

No person shall knowingly present or cause to be presented a false or fraudulent claim . . . shall knowingly engage in misrepresentation to obtain payment from the medical assistance programs' funds . . . shall conspire to defraud, or attempt to defraud, the medical assistance programs . . . .

82.  Furthermore, the Louisiana FCA, Rev. Stat. Ann. § 46:438.4, provides that:

No person shall knowingly make, use or cause to be made or used a false, fictitious, or misleading statement on any form used for the purpose of certifying or qualifying any person for eligibility . . . to receive any good, service, or supply under the medical assistance programs which that person is not eligible to receive.

83.  Defendant knowingly presented or caused to be presented to the Louisiana

Medicaid program false or fraudulent records or statements and false or fraudulent

claims for payment and approval, claims which failed to disclose material violations

28

of law, and/or concealed their actions and to avoid or decrease an obligation to pay or transmit money to the state, and conspired with others to do so, all in violation of Louisiana Revised Statute § 46:438.3.

84.　　The State of Louisiana paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Louisiana, because of these acts by Defendant.

## COUNT FOURTEEN - VIOLATIONS OF THE MARYLAND FALSE HEALTH CLAIMS ACT OF 2010
### Md. Code Ann., Health-Gen. § 2-602

85.　　Relator alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

86.　　The Maryland False Health Claims Act, Md. Code Ann., Health-Gen. § 2-602, specifically provides that:

(A)　　A person may not:

(1)　　Knowingly present or cause to be presented a false or fraudulent claim for payment or approval;

(2)　　Knowingly make, use, or cause to be made or used a false record or statement material to a false or fraudulent claim;

(3)　　Conspire to commit a violation under this subtitle;

(4)　　Have possession, custody, or control of money or other property used by or on behalf of the State under a State health plan or a State health program and knowingly deliver or cause to be delivered to the State less than all of that money or other property;

(5)　　(i)　　Be authorized to make or deliver a receipt or other document certifying receipt of money or other property used or to be used by the State under a State health plan or a State health program; and

29

(ii) Intending to defraud the State or the Department, make or deliver a receipt or document knowing that the information contained in the receipt or document is not true;

(6) Knowingly buy or receive as a pledge of an obligation or debt publicly owned property from an officer, employee, or agent of a State health plan or a State health program who lawfully may not sell or pledge the property;

(7) Knowingly make, use, or cause to be made or used, a false record or statement material to an obligation to pay or transmit money or other property to the State;

(8) Knowingly conceal, or knowingly and improperly avoid or decrease, an obligation to pay or transmit money or other property to the State; or

(9) Knowingly make any other false or fraudulent claim against a State health plan or a State health program.

87. Defendant knowingly presented or caused to be presented to the Maryland Medicaid program false or fraudulent records or statements and false or fraudulent claims for payment and approval, claims which failed to disclose material violations of law, and/or concealed their actions and to avoid or decrease an obligation to pay or transmit money to the state, and conspired with others to do so, all in violation of the Maryland False Health Claims Act of 2010.

88. The State of Maryland paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Maryland, because of these acts by Defendant.

## COUNT FIFTEEN - VIOLATIONS OF THE MASSACHUSETTS FCA
## Mass. Gen. Laws ch. 12, § 5B

89. Relator alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30

90.     The Massachusetts FCA, Mass. Gen. Laws ch. 12, § 5B, specifically provides, in

part, that any person who:

(1)     knowingly presents, or causes to be presented, a false or fraudulent claim for
        payment or approval;

(2)     knowingly makes, uses, or causes to be made or used, a false record or statement
        to obtain payment or approval of a claim by the commonwealth or any political
        subdivision thereof;

(3)     conspires to defraud the commonwealth or any political subdivision thereof
        through the allowance or payment of a fraudulent claim;

(4)     has possession, custody, or control of property or money used, or to be used, by
        the commonwealth or any political subdivision thereof and knowingly delivers, or
        causes to be delivered to the commonwealth, less property than the amount for
        which the person receives a certificate or receipt with the intent to willfully
        conceal the property;

(5)     is authorized to make or deliver a document certifying receipt of property used, or
        to be used, by the commonwealth or any political subdivision thereof and with the
        intent of defrauding the commonwealth or any political subdivision thereof,
        makes or delivers the receipt without completely knowing that the information on
        the receipt is true;

(6)     buys, or receives as a pledge of an obligation or debt, public property from an
        officer or employee of the commonwealth or any political subdivision thereof,
        knowing that said officer or employee may not lawfully sell or pledge the
        property;

(7)     enters into an agreement, contract or understanding with one or more officials of
        the commonwealth or any political subdivision thereof knowing the information
        contained therein is false;

(8)     knowingly makes, uses, or causes to be made or used, a false record or statement
        to conceal, avoid, or decrease an obligation to pay or to transmit money or
        property to the commonwealth or political subdivision thereof; or

(9)     is a beneficiary of an inadvertent submission of a false claim to the
        commonwealth or political subdivision thereof, subsequently discovers the falsity
        of the claim, and fails to disclose the false claim to the commonwealth or political
        subdivision within a reasonable time after discovery of the false claim shall be
        liable to the commonwealth or political subdivision for a civil penalty of not less
        than $5,000 and not more than $10,000 per violation, plus three times the amount

of damages, including consequential damages, that the commonwealth or political subdivision sustains because of the act of that person. A person violating sections 5B to 5O, inclusive, shall also be liable to the commonwealth or any political subdivision for the expenses of the civil action brought to recover any such penalty or damages, including without limitation reasonable attorney's fees, reasonable expert's fees and the costs of investigation, as set forth below. . . .

91.  Defendant knowingly presented or caused to be presented to the Massachusetts

Medicaid program false or fraudulent records or statements and false or fraudulent

claims for payment and approval, claims which failed to disclose material violations

of law, and/or concealed their actions and to avoid or decrease an obligation to pay or

transmit money to the state, and conspired with others to do so, all in violation of

Massachusetts General Laws ch. 12, § 5B.

92.  The Commonwealth of Massachusetts paid said claims and has sustained

damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in

Massachusetts, because of these acts by Defendant.

## COUNT SIXTEEN - VIOLATIONS OF THE MICHIGAN MEDICAID FCA
### Mich. Comp. Laws § 400.601 *et seq.*

93.  Relator alleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

94.  The Michigan Medicaid FCA, Mich. Comp. Laws § 400.603, provides, *inter alia*,

that:

(1)  A person shall not knowingly make or cause to be made a false statement or false representation of a material fact in an application for Medicaid benefits.

(2)  A person shall not knowingly make or cause to be made a false statement or false representation of a material fact for use in determining rights to a medicaid benefit.

32

(3)     A person, who having knowledge of the occurrence of an event affecting . . . [the] initial or continued right of any other person on whose behalf he has applied . . . shall not conceal or fail to disclose that event with intent to obtain a benefit to which the person or any other person is not entitled or in an amount greater than that to which the person or any other person is entitled.

95.     Section 400.606, states that "[a] person shall not enter into an agreement, combination, or conspiracy to defraud the state by obtaining or aiding another to obtain the payment or allowance of a false claim . . . ."

96.     In section 400.607, "[a] person shall not make or present or cause to be made or presented to an employee or officer of this state a claim . . . upon or against the state, knowing the claim to be false . . . ." And that "[a] person shall not make or present or cause to be made or presented a claim . . . that he or she knows falsely represents that the goods or services for which the claim is made were medically necessary . . . ."

97.     In section 400.604, a person is prohibited from soliciting, offering, making, or receiving a kickback or bribe or rebate of any kind.

98.     Under section 400.612, "[a] person who receives a benefit that the person is not entitled to receive by reason of fraud or making a fraudulent statement or knowingly concealing a material fact . . . shall forfeit and pay to the state the full amount received, and for each civil penalty of not less than $5,000.00 or more than $10,000.00 plus triple the amount of damages suffered by the state as a result of the conduct by the person."

99.     Defendant knowingly violated these provisions of law by presenting or causing to be presented to the Michigan Medicaid program false and/or fraudulent claims for

33

payment and approval, claims which failed to disclose the material violations of the law, knowingly made, used, or caused to be made or used a false record or statement to support such claims and/or to conceal their actions and to avoid or decrease an obligation to pay or transmit money to the state, and they conspired with others to defraud the state Medicaid program, all in violation of the Michigan FCA, and thereby caused damage to the State of Michigan.

## COUNT SEVENTEEN - VIOLATIONS OF THE MINNESOTA FCA
## Minn. Stat. § 15C.02(a)

100. Relator alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

101. The Minnesota FCA, Minn. Stat. § 15C.02, attaches liability to:

(a)     A[ny] person who . . . :

     (1)     knowingly presents, or causes to be presented, to an officer or employee of the state or a political subdivision a false or fraudulent claim for payment or approval;

     (2)     knowingly makes or uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state or a political subdivision;

     (3)     knowingly conspires to either present a false or fraudulent claim to the state or a political subdivision for payment or approval or makes, uses, or causes to be made or used a false record or statement to obtain payment or approval of a false or fraudulent claim;

     (4)     has possession, custody, or control of public property or money used, or to be used, by the state or a political subdivision and knowingly delivers or causes to be delivered to the state or a political subdivision less money or property than the amount for which the person receives a receipt;

34

(5)     is authorized to prepare or deliver a receipt for money or property used, or
        to be used, by the state or a political subdivision and knowingly prepares
        or delivers a receipt that falsely represents the money or property;

(6)     knowingly buys, or receives as a pledge of an obligation or debt, public
        property from an officer or employee of the state or a political subdivision
        who lawfully may not sell or pledge the property; or

(7)     knowingly makes or uses, or causes to be made or used, a false record or
        statement to conceal, avoid, or decrease an obligation to pay or transmit
        money or property to the state or a political subdivision.

102.    Defendant knowingly presented or caused to be presented to the Minnesota

Medicaid program false or fraudulent records or statements and false or fraudulent

claims for payment and approval, claims which failed to disclose material violations

of law, and/or concealed their actions and to avoid or decrease an obligation to pay or

transmit money to the state, and conspired with others to do so, all in violation of the

Minnesota FCA.

103.    The State of Minnesota paid said claims and has sustained damages, to the extent

of its portion of Medicaid losses from Medicaid claims filed in Minnesota, because of

these acts by Defendant.

## COUNT EIGHTEEN - VIOLATION OF THE MONTANA FALSE CLAIMS ACT
## Mont. Code Ann. 17-8-401, *et seq*.

134.    Relator alleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

135.    This is a claim brought by Plaintiff/Relator and the State of Montana to recover

treble damages, civil penalties and the cost of this action, under the Montana False Claims Act,

for Defendant' violations of such Act.

136.    The Montana False Claims Act, at § 17-8-403 attaches liability to any person

35

who:

(a) knowingly presents or causes to be presented to an officer or employee of the governmental entity a false or fraudulent claim for payment or approval;

(b) knowingly makes, uses, or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the governmental entity;

(c) conspires to defraud the governmental entity by getting a false or fraudulent claim allowed or paid by the governmental entity;

(d) has possession, custody, or control of public property or money used or to be used by the governmental entity and, with the intent to defraud the governmental entity or to willfully conceal the property, delivers or causes to be delivered less property or money than the amount for which the person receives a certificate or receipt;

(e) is authorized to make or deliver a document certifying receipt of property used or to be used by the governmental entity and, with the intent to defraud the governmental entity or to willfully conceal the property, makes or delivers a receipt without knowing that the information on the receipt is true;

(f) knowingly buys or receives as a pledge of an obligation or debt public property of the governmental entity from any person who may not lawfully sell or pledge the property;

(g) knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors; or

(h) as a beneficiary of an inadvertent submission of a false or fraudulent claim to the governmental entity, subsequently discovers the falsity of the claim or that the claim is fraudulent and fails to disclose the false or fraudulent claim to the governmental entity within a reasonable time after discovery of the false or fraudulent claim.

137.    Defendant knowingly presented or caused to be presented to the Montana

Medicaid program false or fraudulent records or statements and false or fraudulent claims for

payment and approval, claims which failed to disclose material violations of law, and/or

36

concealed their actions and avoided or decreased an obligation to pay or transmit money to the

state, and conspired to do so, all in violation of Montana Code Annotated. § 17-8-403.

138.    The State of Montana paid said claims and has sustained damages, to the extent of

its portion of Medicaid losses from Medicaid claims filed in Montana, because of these acts by

the Defendant.

## COUNT NINETEEN - VIOLATIONS OF THE NEVADA FCA
## Nev. Rev. Stat. § 357.040(1)

104.    Relator alleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

105.    The Nevada FCA, Nev. Rev. Stat. § 357.040(1), specifically provides, in part, that

a person who:

with or without specific intent to defraud, does any of the following listed acts is liable to
the State or a political subdivision, whichever is affected, for three times the amount of
damages sustained by the State or political subdivision because of the act of that person,
for the costs of a civil action brought to recover those damages and for a civil penalty of
not less than $5,000 or more than $10,000 for each act:

    (a)    Knowingly presents or causes to be presented a false claim for payment or
approval.

    (b)    Knowingly makes or uses, or causes to be made or used, a false record or
statement to obtain payment or approval of a false claim.

    (c)    Conspires to defraud by obtaining allowance or payment of a false claim.

    (d)    Has possession, custody or control of public property or money and
knowingly delivers or causes to be delivered to the State or a political
subdivision less money or property than the amount for which the person
receives a receipt.

    (e)    Is authorized to prepare or deliver a receipt for money or property to be
used by the State or a political subdivision and knowingly prepares or
delivers a receipt that falsely represents the money or property.

    (f)    Knowingly buys, or receives as security for an obligation, public property

from a person who is not authorized to sell or pledge the property.

(g) Knowingly makes or uses, or causes to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the State or a political subdivision.

(h) Is a beneficiary of an inadvertent submission of a false claim and, after discovering the falsity of the claim, fails to disclose the falsity to the State or political subdivision within a reasonable time.

106. Defendant knowingly presented or caused to be presented to the Nevada Medicaid program false or fraudulent records or statements and false or fraudulent claims for payment and approval, claims which failed to disclose material violations of law, and/or concealed their actions and to avoid or decrease an obligation to pay or transmit money to the state, and conspired with others to do so, all in violation of Nevada Revised Statute § 357.040(1).

107. The State of Nevada paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Nevada, because of these acts by Defendant.

## COUNT TWENTY - VIOLATIONS OF THE NEW JERSEY FCA
## N.J. Stat. Ann. § 2A:32C-1

108. Relator alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

109. The New Jersey FCA, N.J. Stat. Ann. § 2A:32C-3, supplementing Title 2A of the New Jersey statutes and amending New Jersey Medical Assistance and Health Services Act, P.L. 1968, c. 413, N.J. Stat. Ann. § 30:4D-17, provides in part that:

A person shall be jointly and severally liable to the State for a civil penalty of not less than and not more than the civil penalty allowed under the federal FCA (31 U.S.C. § 3729 *et seq.*), as may be adjusted in accordance with the inflation adjustment procedures prescribed in the Federal Civil Penalties Inflation Adjustment Act of 1990,

38

Pub. L. 101-410, for each false or fraudulent claim, plus three times the amount of damages which the State sustains, if the person commits any of the following acts:

a.    Knowingly presents or causes to be presented to an employee, officer or agent of the State, or to any contractor, grantee, or other recipient of State funds, a false or fraudulent claim for payment or approval;

b.    Knowingly makes, uses, or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State;

c.    Conspires to defraud the State by getting a false or fraudulent claim allowed or paid by the State;

d.    Has possession, custody, or control of public property or money used or to be used by the State and knowingly delivers or causes to be delivered less property than the amount for which the person receives a certificate or receipt;

e.    Is authorized to make or deliver a document certifying receipt of property used or to be used by the State and, intending to defraud the entity, makes or delivers a receipt without completely knowing that the information on the receipt is true;

f.    Knowingly buys, or receives as a pledge of an obligation or debt, public property from any person who lawfully may not sell or pledge the property; or

g.    Knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State.

110.    Defendant knowingly presented or caused to be presented to the New Jersey

Medicaid program false or fraudulent records or statements and false or fraudulent

claims for payment and approval, claims which failed to disclose material violations

of law, and/or concealed their actions and to avoid or decrease an obligation to pay or

transmit money to the state, and conspired with others to do so, all in violation of the

New Jersey FCA.

111.    The State of New Jersey paid said claims and has sustained damages, to the extent

of its portion of Medicaid losses from Medicaid claims filed in New Jersey, because

of these acts by Defendant.

## COUNT TWENTY-ONE - VIOLATIONS OF THE NEW MEXICO MEDICAID FCA
## N.M. Stat. Ann. § 27-14-4

112. Relator alleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

**113.** The New Mexico Medicaid FCA, N.M. Stat. Ann. § 27-14-4, specifically provides,

in part, that:

A person commits an unlawful act and shall be liable to the state for three times the
amount of damages that the state sustains as a result of the act if the person:

A.    presents, or causes to be presented, to the state a claim for payment under
      the medicaid program knowing that such claim is false or fraudulent;

B.    presents, or causes to be presented, to the state a claim for payment under
      the medicaid program knowing that the person receiving a medicaid
      benefit or payment is not authorized or is not eligible for a benefit under
      the medicaid program;

C.    makes, uses or causes to be made or used a record or statement to obtain a
      false or fraudulent claim under the medicaid program paid for or approved
      by the state knowing such record or statement is false;

D.    conspires to defraud the state by getting a claim allowed or paid under the
      medicaid program knowing that such claim is false or fraudulent;

E.    makes, uses or causes to be made or used a record or statement to conceal,
      avoid or decrease an obligation to pay or transmit money or property to
      the state, relative to the medicaid program, knowing that such record or
      statement is false;

F.    knowingly applies for and receives a benefit or payment on behalf of
      another person, except pursuant to a lawful assignment of benefits, under
      the medicaid program and converts that benefit or payment to his own
      personal use;

G.    knowingly makes a false statement or misrepresentation of material fact
      concerning the conditions or operation of a health care facility in order

40

> that the facility may qualify for certification or recertification required by the medicaid program; or

H. knowingly makes a claim under the medicaid program for a service or product that was not provided.

114. Defendant knowingly presented or caused to be presented to the New Mexico Medicaid program false or fraudulent records or statements and false or fraudulent claims for payment and approval, claims which failed to disclose material violations of law, and/or concealed their actions and to avoid or decrease an obligation to pay or transmit money to the state, and conspired to do so, all in violation of the New Mexico Statute § 27-14-4.

115. The State of New Mexico paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in New Mexico, because of these acts by Defendant.

## COUNT TWENTY-TWO - VIOLATIONS OF THE NEW YORK FCA
## N.Y. State Fin. Law § 189

116. Relator alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

117. The New York FCA, provides, in relevant part, as follows:

§ 189. Liability for certain acts.

1. Subject to the provisions of subdivision two of this section, any person who:

   (a) knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval;

   (b) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

   (c) conspires to commit a violation of paragraph (a), (b), (d), (e), (f) or (g) of this subdivision;

41

(d) has possession, custody, or control of property or money used, or to be used, by the state or a local government and knowingly delivers, or causes to be delivered, less than all of that money or property;

(e) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the state or a local government and, intending to defraud the state or a local government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(f) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the state or a local government knowing that the officer or employee violates a provision of law when selling or pledging such property; or

(g) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or a local government shall be liable to the state or a local government, as applicable, for a civil penalty of not less than six thousand dollars and not more than twelve thousand dollars, plus three times the amount of all damages, including consequential damages, which the state or local government sustains because of the act of that person.

118. Defendant knowingly presented or caused to be presented to the New York Medicaid program false or fraudulent records or statements and false or fraudulent claims for payment and approval, claims which failed to disclose material violations of law, and/or concealed their actions and to avoid or decrease an obligation to pay or transmit money to the state, and conspired with others to do so, all in violation of New York State Finance Law § 189.

119. The State of New York paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in New York, because of these acts by Defendant.

## COUNT TWENTY-THREE - VIOLATIONS OF THE NORTH CAROLINA FCA
## N.C. Gen. Stat. § 1-607(a)

120. Relator alleges and incorporates by reference the foregoing paragraphs as if fully

42

set forth herein.

121.    The North Carolina FCA, N.C. Gen. Stat. § 1-607(a), attaches liability to:

Any person who . . . :

(1)    Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.

(2)    Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.

(3)    Conspires to commit a violation of subdivision (1), (2), (4), (5), (6), or (7) of this section.

(4)    Has possession, custody, or control of property or money used or to be used by the State and knowingly delivers or causes to be delivered less than all of that money or property.

(5)    Is authorized to make or deliver a document certifying receipt of property used or to be used by the State and, intending to defraud the State, makes or delivers the receipt without completely knowing that the information on the receipt is true.

(6)    Knowingly buys, or receives as a pledge of an obligation or debt, public property from any officer or employee of the State who lawfully may not sell or pledge the property.

(7)    Knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State.

122.    Defendant knowingly presented or caused to be presented to the North Carolina

Medicaid program false or fraudulent records or statements and false or fraudulent

claims for payment and approval, claims which failed to disclose material violations

of law, and/or concealed their actions and to avoid or decrease an obligation to pay or

transmit money to the state, and conspired with others to do so, all in violation of the

43

North Carolina FCA.

123. The State of North Carolina paid said claims and has sustained damages, to the

extent of its portion of Medicaid losses from Medicaid claims filed in North Carolina,

because of these acts by Defendant.

## COUNT TWENTY-FOUR - VIOLATIONS OF OKLAHOMA MEDICAID FCA
## Okla. Stat. Ann. tit. 63 § 5053.1(B)

124. Relator alleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

125. The Oklahoma Medicaid FCA, Okla. Sta. Ann. tit. 63 § 5053.1(B), added by

Laws 2007, c.137 § 63-5053.1A. 2B, provides in part that:

Any person who:

1. Knowingly presents, or causes to be presented, to an officer or employee of the State of Oklahoma, a false or fraudulent claim for payment or approval;

2. Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

3. Conspires to defraud the state by getting a false or fraudulent claim allowed or paid;

4. Has possession, custody, or control of property or money used, or to be used, by the state and, intending to defraud the state or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;

5. Is authorized to make or deliver a document certifying receipt of property used, or to be used, by the state and, intending to defraud the state, makes or delivers the receipt without completely knowing that the information on the receipt is true;

6. Knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the state, who lawfully may not sell or pledge the property; or

7. Knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property

to the state, is liable to the State of Oklahoma for a civil penalty of not less than Five Thousand Dollars ($5,000.00) and not more than Ten Thousand Dollars ($10,000.00), unless a penalty is imposed for the act of that person in violation of this subsection under the federal FCA for the same or a prior action, plus three times the amount of damages which the state sustains because of the act of that person.

126. Defendant knowingly presented or caused to be presented to the Oklahoma

Medicaid program false or fraudulent records or statements and false or fraudulent

claims for payment and approval, claims which failed to disclose material violations

of law, and/or concealed their actions and to avoid or decrease an obligation to pay or

transmit money to the state, and conspired with others to do so, all in violation of the

Oklahoma Medicaid FCA.

127. The State of Oklahoma paid said claims and has sustained damages, to the extent

of its portion of Medicaid losses from Medicaid claims filed in Oklahoma, because of

these acts by Defendant.

## COUNT TWENTY-FIVE - VIOLATIONS OF RHODE ISLAND STATE FCA
### R.I. Gen. Laws § 9-1.1-3(a)

128. Relator alleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

129. The Rhode Island State FCA amending Title 9 of the Rhode Island general laws

entitled "Courts and Civil Procedure/Procedure Generally," ch. 9-1.1, § 9-1.1-3(a),

provides, in part, that:

Any person who:

(1) knowingly presents, or causes to be presented, to an officer or employee of the state or a member of the guard a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement

45

to get a false or fraudulent claim paid or approved by the state;

(3)     conspires to defraud the state by getting a false or fraudulent claim allowed or paid;

(4)     has possession, custody, or control of property or money used, or to be used, by the state and, intending to defraud the state or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;

(5)     authorized to make or deliver a document certifying receipt of property used, or to be used, by the state and, intending to defraud the state, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(6)     knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the state, or a member of the guard, who lawfully may not sell or pledge the property; or

(7)     knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state, is liable to the state for a civil penalty of not less than five thousand dollars ($5,000) and not more than ten thousand dollars ($10,000), plus three (3) times the amount of damages which the state sustains because of the act of that person. A person violating this subsection (a) shall also be liable to the state for the costs of a civil action brought to recover any such penalty or damages.

130.    Defendant knowingly presented or caused to be presented to the Rhode Island

Medicaid program false or fraudulent records or statements and false or fraudulent

claims for payment and approval, claims which failed to disclose material violations

of law, and/or concealed their actions and to avoid or decrease an obligation to pay or

transmit money to the state, and conspired with others to do so, all in violation of

Rhode Island General Law § 9-1.1-3(a).

131.    The State of Rhode Island paid said claims and has sustained damages, to the

extent of its portion of Medicaid losses from Medicaid claims filed in Rhode Island,

because of these acts by Defendant.

## COUNT TWENTY-SIX - VIOLATIONS OF THE TENNESSEE FCA
## Tenn. Code Ann. § 4-18-103(a)

132.    Relator alleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

133.    The Tennessee FCA, Tenn. Code Ann. § 4-18-103(a), specifically provides, in

part, that any person who:

commits any of the following acts shall be liable to the state or to the political subdivision
for three (3) times the amount of damages that the state or the political subdivision
sustains because of the act of that person. A person who commits any of the following
acts shall also be liable to the state or to the political subdivision for the costs of a civil
action brought to recover any of those penalties or damages, and shall be liable to the
state or political subdivision for a civil penalty of not less than two thousand five hundred
dollars ($2,500) and not more than ten thousand dollars ($10,000) for each false claim:

(1)    Knowingly presents or causes to be presented to an officer or employee of the
state or of any political subdivision thereof, a false claim for payment or approval;

(2)    Knowingly makes, uses, or causes to be made or used a false record or statement
to get a false claim paid or approved by the state or by any political subdivision;

(3)    Conspires to defraud the state or any political subdivision by getting a false claim
allowed or paid by the state or by any political subdivision;

(4)    Has possession, custody, or control of public property or money used or to be
used by the state or by any political subdivision and knowingly delivers or causes
to be delivered less property than the amount for which the person receives a
certificate or receipt;

(5)    Is authorized to make or deliver a document certifying receipt of property used or
to be used by the state or by any political subdivision and knowingly makes or
delivers a receipt that falsely represents the property used or to be used;

(6)    Knowingly buys, or receives as a pledge of an obligation or debt, public property
from any person who lawfully may not sell or pledge the property;

47

(7)     Knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision;

(8)     Is a beneficiary of an inadvertent submission of a false claim to the state or a political subdivision, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the state or the political subdivision within a reasonable time after discovery of the false claim; or

(9)     Knowingly makes, uses, or causes to be made or used any false or fraudulent conduct, representation, or practice in order to procure anything of value directly or indirectly from the state or any political subdivision.

134.    Defendant knowingly presented or caused to be presented to the Tennessee Medicaid program false or fraudulent records or statements and false or fraudulent claims for payment and approval, claims which failed to disclose material violations of law, and/or concealed their actions and to avoid or decrease an obligation to pay or transmit money to the state, and conspired with others to do so, all in violation of Tennessee Code § 4-18-103(a).

135.    The State of Tennessee paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Tennessee, because of these acts by Defendant.

### COUNT TWENTY-SEVEN - VIOLATIONS OF TEXAS FCA
### Tex. FCA Hum. Res. Code § 32.039(b), (c)

136.    Relator alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

137.    The Texas FCA, Tex. Hum. Res. Code § 32.039, specifically provides, in part, that:

(b)     A person commits a violation if the person:

48

(1)    presents or causes to be presented to the department a claim that contains a statement or representation the person knows or should know to be false;

(1-a) engages in conduct that violates Section 102.001, Occupations Code;

(1-b) solicits or receives, directly or indirectly, overtly or covertly any remuneration, including any kickback, bribe, or rebate, in cash or in kind for referring an individual to a person for the furnishing of, or for arranging the furnishing of, any item or service for which payment may be made, in whole or in part, under the medical assistance program, provided that this subdivision does not prohibit the referral of a patient to another practitioner within a multispecialty group or university medical services research and development plan (practice plan) for medically necessary services;

(1-c) solicits or receives, directly or indirectly, overtly or covertly any remuneration, including any kickback, bribe, or rebate, in cash or in kind for purchasing, leasing, or ordering, or arranging for or recommending the purchasing, leasing, or ordering of, any good, facility, service, or item for which payment may be made, in whole or in part, under the medical assistance program;

(1-d) offers or pays, directly or indirectly, overtly or covertly any remuneration, including any kickback, bribe, or rebate, in cash or in kind to induce a person to refer an individual to another person for the furnishing of, or for arranging the furnishing of, any item or service for which payment may be made, in whole or in part, under the medical assistance program, provided that this subdivision does not prohibit the referral of a patient to another practitioner within a multispecialty group or university medical services research and development plan (practice plan) for medically necessary services;

(1-e) offers or pays, directly or indirectly, overtly or covertly any remuneration, including any kickback, bribe, or rebate, in cash or in kind to induce a person to purchase, lease, or order, or arrange for or recommend the purchase, lease, or order of, any good, facility, service, or item for which payment may be made, in whole or in part, under the medical assistance program;

(1-f) provides, offers, or receives an inducement in a manner or for a purpose not otherwise prohibited by this section or *Section 102.001, Occupations Code*, to or from a person, including a recipient, provider, employee or agent of a provider, third-party vendor, or public servant, for the purpose of influencing or being influenced in a decision regarding:

(A)     selection of a provider or receipt of a good or service under the medical assistance program;

(B)     the use of goods or services provided under the medical assistance program; or

(C)     the inclusion or exclusion of goods or services available under the medical assistance program; or

(2)     is a managed care organization that contracts with the department to provide or arrange to provide health care benefits or services to individuals eligible for medical assistance and:

(A)     fails to provide to an individual a health care benefit or service that the organization is required to provide under the contract with the department;

(B)     fails to provide to the department information required to be provided by law, department rule, or contractual provision;

(C)     engages in a fraudulent activity in connection with the enrollment in the organization's managed care plan of an individual eligible for medical assistance or in connection with marketing the organization's services to an individual eligible for medical assistance; or

(D)     engages in actions that indicate a pattern of:

(i)     wrongful denial of payment for a health care benefit or service that the organization is required to provide under the contract with the department; or

(ii)    wrongful delay of at least 45 days or a longer period specified in the contract with the department, not to exceed 60 days, in making payment for a health care benefit or service that the organization is required to provide under the contract with the department.

(c)     A person who commits a violation under Subsection (b) is liable to the department for:

50

(1)     the amount paid, if any, as a result of the violation and interest on that amount
        determined at the rate provided by law for legal judgments and accruing from the
        date on which the payment was made; and

(2)     payment of an administrative penalty of an amount not to exceed twice the
        amount paid, if any, as a result of the violation, plus an amount:

        (A)     not less than $ 5,000 or more than $ 15,000 for each violation that results
                in injury to an elderly person, as defined by Section 48.002(1), a disabled
                person, as defined by Section 48.002(8)(A), or a person younger than 18
                years of age; or

        (B)     not more than $ 10,000 for each violation that does not result in injury to a
                person described by Paragraph (A).

138.    Defendant knowingly presented or caused to be presented to the Texas Medicaid

        program false or fraudulent records or statements and false or fraudulent claims for

        payment and approval, claims which failed to disclose material violations of law,

        and/or concealed their actions and to avoid or decrease an obligation to pay or

        transmit money to the state, and conspired with others to do so, all in violation of

        Texas FCA Human Resources Code § 32.039(b), (c).

139.    The State of Texas paid said claims and has sustained damages, to the extent of its

        portion of Medicaid losses from Medicaid claims filed in Texas, because of these acts

        by Defendant.

## COUNT TWENTY- EIGHT- VIOLATIONS OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT
## Va. Code Ann. § 8.01-216.3(A)

140.    Relator alleges and incorporates by reference the foregoing paragraphs as if fully

        set forth herein.

141.    The Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.3(A),

        specifically provides, in part, that:

51

Any person who:

1.    Knowingly presents, or causes to be presented, to an officer or employee of the Commonwealth a false or fraudulent claim for payment or approval;

2.    Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Commonwealth;

3.    Conspires to defraud the Commonwealth by getting a false or fraudulent claim allowed or paid;

4.    Has possession, custody, or control of property or money used, or to be used, by the Commonwealth and, intending to defraud the Commonwealth or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;

5.    Authorizes to make or deliver a document certifying receipt of property used, or to be used, by the Commonwealth and, intending to defraud the Commonwealth, makes or delivers the receipt without completely knowing that the information on the receipt is true;

6.    Knowingly buys or receives as a pledge of an obligation or debt, public property from an officer or employee of the Commonwealth who lawfully may not sell or pledge the property; or

7.    Knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Commonwealth;

shall be liable to the Commonwealth for a civil penalty of not less than $ 5,500 and not more than $ 11,000, plus three times the amount of damages sustained by the Commonwealth.

142.    Defendant knowingly presented or caused to be presented to the Virginia

Medicaid program false or fraudulent records or statements and false or fraudulent

claims for payment and approval, claims which failed to disclose material violations

of law, and/or concealed their actions and to avoid or decrease an obligation to pay or

transmit money to the state, and conspired with others to do so, all in violation of

Virginia Code § 8.01-216.3(A).

143. The Commonwealth of Virginia paid said claims and has sustained damages, to

the extent of its portion of Medicaid losses from Medicaid claims filed in Virginia,

because of these acts by Defendant.

## COUNT TWENTY-NINE - VIOLATIONS OF THE WISCONSIN FALSE CLAIMS FOR MEDICAL ASSISTANCE LAW
### Wis. Stat. Ann. § 20.931(2)

144. Relator alleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

145. The Wisconsin False Claims for Medical Assistance Law, added by 2007

Wisconsin Act 20, Wis. Stat. Ann. 20.931(2), provides, in part, that:

any person who does any of the following is liable to this state for 3 times the amount of the damages sustained by this state because of the actions of the person, and shall forfeit not less than $5,000 nor more than $10,000 for each violation:

(a) Knowingly presents or causes to be presented to any officer, employee, or agent of this state a false claim for medical assistance.

(b) Knowingly makes, uses, or causes to be made or used a false record or statement to obtain approval or payment of a false claim for medical assistance.

(c) Conspires to defraud this state by obtaining allowance or payment of a false claim for medical assistance, or by knowingly making or using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Medical Assistance program.

(g) Knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease any obligation to pay or transmit money or property to the Medical Assistance program.

(h) Is a beneficiary of the submission of a false claim for medical assistance to any officer, employee, or agent of this state, knows that the claim is false, and fails to disclose the false claim to this state within a reasonable time after the person becomes aware that the claim is false.

**146.** Defendant knowingly presented or caused to be presented to the Wisconsin

53

Medicaid program false or fraudulent records or statements and false or fraudulent claims for payment and approval, claims which failed to disclose material violations of law, and/or concealed their actions and to avoid or decrease an obligation to pay or transmit money to the state, and conspired with others to do so, all in violation of Wisconsin Statute § 20.931(2).

**147.** The State of Wisconsin paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Wisconsin, because of these acts by Defendant.

## PRAYERS FOR RELIEF

WHEREFORE, Relator, acting on behalf of and in the name of the United States of America and the State Plaintiffs, demands and prays that judgment be entered as follows against Defendant under the Federal FCA counts and under the State FCA counts as follows:

(a)     In favor of the United States against Defendant for treble the amount of damages paid by the United States as a result of Defendant's conduct in causing the submission of false claims tainted by the payment of staffing kickback, plus maximum civil penalties of Eleven Thousand Dollars ($11,000.00) for each violation of the FCA;

(b)     In favor of the United States against Defendant for disgorgement of the profits earned by Defendant as a result of its illegal schemes;

(c)     In favor of Relator for the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) to include reasonable expenses, attorney fees, and costs incurred by Relator;

54

(d)      For all costs of the Federal FCA civil action;

(f)      In favor of Relator and the named State Plaintiffs against Defendant in an amount equal to three times the amount of damages that California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Illinois, Iowa, Indiana, Louisiana, Maryland, Massachusetts, Minnesota, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Virginia, and Wisconsin have sustained, respectively, as a result of Defendant' actions, as well as a civil penalty against Defendant of a statutory maximum for each violation of each State's FCA;

(g)      In favor of Relator and the Plaintiff State of Michigan against Defendant for a civil penalty equal to one time the loss caused to the Michigan Medicaid program as a result of Defendant' actions, plus damages equal to three times such loss;

(h)      In favor of Relator and the Plaintiff State of Texas against Defendant in an amount equal to two times the amount of damages that Texas has sustained as a result of Defendant' actions;

(i)      In favor of Relator for the maximum amount as a relator's share allowed pursuant to each State Plaintiff's FCA;

(j)      In favor of Relator for all costs and expenses associated with the supplemental state claims, including attorney's fees and costs;

(k)      In favor of the State Plaintiffs and Relator for all such other relief as the Court deems just and proper; and

(m)     Such other relief as this Court deems just and appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relators hereby demand a

trial by jury.

Susan L. Burke
Law Offices of Susan L. Burke
1611 Park Avenue
Baltimore, MD 21217
Telephone: (410) 544-7333
Facsimile: (410) 544-7333
sburke@burkepllc.com

November 18, 2015

56