## COUNT ELEVEN

## VIOLATION OF THE GEORGIA STATE FALSE MEDICAID CLAIMS ACT

219.   Relator re-alleges and incorporate the allegations in paragraphs 1-218 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.  Medtronic conducts business in the State of Georgia.   Upon information and belief, Medtronic's actions described herein occurred in Georgia as well.

220.   This is a qui tam action brought by Relator and the State of Georgia to recover treble damages and civil penalties under the Georgia State False Medicaid Claims Act, Ga. Code Ann. § 49-4-168  *et seq.*

221.   Ga. Code Ann. § 49-4-168.1 *et seq.* provides liability for any person who—

Knowingly presents or causes to be presented to the Georgia Medicaid program a false or fraudulent claim for payment or approval;

Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Georgia Medicaid program;

Conspires to defraud the Georgia Medicaid program by getting a false or fraudulent claim allowed or paid;

Knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay, repay or transmit money or property to the State of Georgia.

222.   Medtronic violated Ga. Code Ann. § 49-4-168.1 and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Georgia from 2001 to the present by its violation of federal and state laws, including the Anti-Kickback Act and the Stark Act, as described herein.

223.   The State of Georgia, by and through the Georgia Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and

First Amended Complaint and Demand for Jury Trial

1   illegal practices, paid the claims submitted by health care providers and third party
2   payers in connection therewith.

3   224.   Compliance with applicable Medicare, Medicaid and the various other
4   federal and state laws cited herein was an implied, and upon information and belief,
5   also an express condition of payment of claims submitted to the State of Georgia in
6   connection with Medtronic's fraudulent and illegal practices.

7   225.   Had the State of Georgia known that Medtronic was violating the
8   federal and state laws cited herein, it wound not have paid the claims submitted by
9   health care providers and third party payers in connection with Medtronic's
10   fraudulent and illegal practices.

11   226.   As a result of Medtronic's violations of Ga. Code Ann. § 49-4-168.1,
12   the State of Georgia has been damaged in an amount far in excess of millions of
13   dollars exclusive of interest.

14   227.   Medtronic did not, within 30 days after it first obtained information as
15   to such violations, furnish such information to officials of the State responsible for
16   investigating false claims violations, did not otherwise fully cooperate with any
17   investigation of the violations, and have not otherwise furnished information to the
18   State regarding the claims for reimbursement at issue.

19   228.   Adolfo Schroeder is a private person with direct and independent
20   knowledge of the allegations of this Complaint, who has brought this action
21   pursuant to Ga. Code Ann., § 49-4-168.2(b) on behalf of himself and the State of
22   Georgia.

23   229.   This Court is requested to accept supplemental jurisdiction of this
24   related state claim as it is predicated upon the exact same facts as the federal claim,
25   and merely asserts separate damage to the State of Georgia in the operation of its
26   Medicaid program.

27   230.   WHEREFORE, Relator respectfully requests this Court to award the
28   following damages to the following parties against Medtronic:

1   To the STATE OF GEORGIA:

2   Three times the amount of actual damages which the State of Georgia has

3   sustained as a result of Medtronic's fraudulent and illegal practices;

4   A civil penalty on not less then $5,500 and not more than $ 11,000 for each

5   false claim which Medtronic caused to be presented to the State of Georgia;

6   Prejudgment interest; and

7   All costs incurred in bringing this action.

8   To RELATOR:

9   The maximum amount allowed pursuant to Ga. Code Ann., § 49-4-168.2(i),

10   and/or any other applicable provision of law;

11   Reimbursement for reasonable expenses which Relator incurred in

12   connection with this action;

13   An award of reasonable attorneys' fees and costs; and

14   Such further relief as this Court deems equitable and just.

15   ## COUNT TWELVE

16   ## VIOLATION OF THE HAWAII FALSE CLAIMS ACT

17   231.   Relator re-alleges and incorporate the allegations in paragraphs 1-230

18   as if fully set forth herein.  Additionally, Relator states that the course of conduct

19   described in this Complaint was a nationwide practice of Medtronic.  Medtronic

20   conducts business in the State of Hawaii.   Upon information and belief,

21   Medtronic's actions described herein occurred in Hawaii as well.

22   232.   This is a qui tam action brought by Relator and the State of Hawaii to

23   recover treble damages and civil penalties under the Hawaii False Claims Act,

24   Haw. Rev. Stat. § 661.21 et seq.

25   233.   Haw. Rev. Stat. § 661-21(a) provides liability for any person who—

26
27   Knowingly presents, or causes to be presented, to an officer or
     employee of the state a false or fraudulent claim for payment or
     approval;

28

Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

Conspires to defraud the state by getting a false or fraudulent claim allowed or paid; or

Is a beneficiary of an inadvertent submission of a false claim to the State, who subsequently discovers the falsity of the claim, and fails to disclose the false claim to the State within a reasonable time after discovery of the false claim.

234.   Medtronic violated Haw. Rev. Stat. § 661.21(a) and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Hawaii from at least 2001 to the present by its violation of federal and state laws, including the Anti-Kickback Act, and Stark Act, as described herein.

235.   The State of Hawaii, by and through the Hawaii Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

236.   Compliance with applicable Medicare, Medicaid and the various other federal state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Hawaii in connection with Medtronic's fraudulent and illegal practices.

237.   Had the State of Hawaii known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

238.   As a result of Medtronic's violations of Haw. Rev. Stat. § 661-21(a) the State of Hawaii has been damaged in an amount far in excess of millions of dollars exclusive of interest.

239.   Adolfo Schroeder is a private person with direct and independent

knowledge of the allegations of this Complaint, who has brought this action pursuant to Haw. Rev. Stat. § 661-25(a) on behalf of himself and the State of Hawaii.

240.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Hawaii in the operation of its Medicaid program.

241.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF HAWAII:

Three times the amount of actual damages which the State of Hawaii has

sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each

false claim which Medtronic caused to be presented to the State of Hawaii;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to Haw. Rev. Stat. § 661-27 and /or

any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in

connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT THIRTEEN

## VIOLATION OF THE ILLINOIS WHISTLEBLOWER REWARD AND
## PROTECTION ACT

242.   Relator re-alleges and incorporate the allegations in paragraphs 1-241 as if fully set forth herein.  Additionally, Relator states that the course of conduct

described in this Complaint was a nationwide practice of Medtronic.   Medtronic conducts business in the State of Illinois.  Upon information and belief, Medtronic's actions described herein occurred in Illinois as well.

243.   This is a qui tam action brought by Relator and the State of Illinois to recover treble damages and civil penalties under the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175 *et seq.*

244.   740 ILCS 175/3(a) provides liability for any person who—

Knowingly presents, or causes to be presented, to an officer or employee of the State of a member of the Guard a false or fraudulent claim for payment or approval;

Knowingly makes, uses, of causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;

Conspires to defraud the State by getting a false or fraudulent claim allowed or paid.

245.   In addition, 305 ILCS 5/8A-3(b) of the Illinois Public Aid Code (Vendor Fraud and Kickbacks) prohibits the solicitation or receipt of any remuneration, including any kickback, bribe or rebate, directly or indirectly, overtly or covertly, in cash or in kind in return for furnishing any item of service for which payment may be made in whole or in part under the Illinois Medicaid program.

246.   Medtronic violated 305 ILCS 5/8A-3(b) from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

247.   Medtronic furthermore violated 740 ILCS 175/3(a) and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Illinois from at least 2001 to the present by its violation of federal and state laws, including 305 ILCS 5/8A-3(b), the Anti-Kickback Act and the Stark Act, as described herein.

248.   The State of Illinois, by and through the Illinois Medicaid program and

1   other state health care programs, and unaware of Medtronic's fraudulent and illegal

2   practices, paid the claims submitted by health care providers and third party payers

3   in connection therewith.

4         249.   Compliance with applicable Medicare, Medicaid and the various other

5   federal and state laws cited herein with an implied, and upon information and

6   belief, also an express condition of payment of claims submitted to the State of

7   Illinois in connection with Medtronic's fraudulent and illegal practices.

8         250.   Had the State of Illinois known that Medtronic was violating the

9   federal and state laws cited herein, it would not have paid the claims submitted by

10  health care providers and third party payers in connection with Medtronic's

11  fraudulent and illegal practices.

12        251.   As a result of Medtronic's violations of 740 ILCS 175/3(a), the State

13  of Illinois has been damaged in an amount far in excess of millions of dollars

14  exclusive of interest.

15        252.   Adolfo Schroeder is a private person with direct and independent

16  knowledge of the allegation of this Complaint, who has brought this action pursuant

17  to 740 ILCS 175/3(b) on behalf of himself and the State of Illinois.

18        253.   This court is requested to accept supplemental jurisdiction of this

19  related state claim as it is predicated upon the exact same facts as the federal claim,

20  and merely asserts separate damage to the State of Illinois in the operation of its

21  Medicaid program.

22        254.   WHEREFORE, Relator respectfully requests this Court to award the

23  following damages to the following parties and against Medtronic:

24        To the STATE OF ILLINOIS:

25        Three times the amount of actual damages which the State of Illinois has

26        sustained as a result of Medtronic's fraudulent and illegal practices;

27        A civil penalty of not less than $5,000 and not more than $10,000 for each

28        false claim which Medtronic caused to be presented to the State of Illinois;

1   Prejudgment interest; and

2   All costs incurred in bringing this action.

3   To RELATOR:

4   The maximum amount allowed pursuant to 740 ILCS/4(d) and/or any other

5   applicable provision of law;

6   Reimbursement for reasonable expenses which Relator incurred in

7   connection with this action;

8   An award of reasonable attorneys' fees and costs; and

9   Such further relief as this Court deems equitable and just.

## COUNT FOURTEEN

## VIOLATION OF THE INDIANA FALSE CLAIMS AND

## WHISTLEBLOWER PROTECTION ACT

255.   Relator re-alleges and incorporate the allegations in paragraphs 1-254 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.   Medtronic conducts business in the State of Indiana.   Upon information and belief, Medtronic's actions described herein occurred in Indiana as well.

256.   This is a qui tam action brought by Relator and the State of Indiana to recover treble damages and civil penalties under the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5 *et seq.*

257.   IC 5-11-5.5-2 provides liability for any person who—
(1) presents a false claim to the state for payment or approval;

(2) makes or uses a false record or statement to obtain payment or approval of a false claim from the state;

(3) with intent to defraud the state, delivers less money or property to the state than the amount recorded on the certificate or receipt the person receives from the state;

/ / /

(4) with intent to defraud the state, authorizes issuance of a receipt without knowing that the information on the receipt is true;

(5) receives public property as a pledge of an obligation on a debt from an employee who is not lawfully authorized to sell or pledge the property;

(6) makes or uses a false record or statement to avoid an obligation to pay or transmit property to the state;

(7) conspires with another person to perform an act described in subdivisions (1) through (6); or

(8) causes or induces another person to perform an act described in subdivisions (1) through (6).

258.   In addition, IC 12-15-24-1 & IC 12-15-24-2 prohibits the provision of a kickback or bribe in connection with the furnishing of items or services or the making or receipt of the payment under the Indiana Medicaid program.

259.   Medtronic violated IC 12-15-24-1 & IC 12-15-24-2 from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

260.   Medtronic furthermore violated IC 5-11-5.5-2 and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Indiana from at least 2001 to the present by its violation of federal and state laws, including IC 12-15-24-1 & IC 12-15-24-2, the Anti-Kickback Act and the Stark Act, as described herein.

261.   The State of Indiana, by and through the Indiana Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

262.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein with an implied, and upon information and

1   belief, also an express condition of payment of claims submitted to the State of

2   Indiana in connection with Medtronic's fraudulent and illegal practices.

3   263.  Had the State of Indiana known that Medtronic was violating the

4   federal and state laws cited herein, it would not have paid the claims submitted by

5   health care providers and third party payers in connection with Medtronic's

6   fraudulent and illegal practices.

7   264.  As a result of Medtronic's violations of IC 5-11-5.5-2, the State of

8   Indiana has been damaged in an amount far in excess of millions of dollars

9   exclusive of interest.

10   265.  Adolfo Schroeder is a private person with direct and independent

11   knowledge of the allegation of this Complaint, who has brought this action pursuant

12   to IC 5-11-5.5-4 on behalf of himself and the State of Indiana.

13   266.  This court is requested to accept supplemental jurisdiction of this

14   related state claim as it is predicated upon the exact same facts as the federal claim,

15   and merely asserts separate damage to the State of Indiana in the operation of its

16   Medicaid program.

17   267.  WHEREFORE, Relator respectfully requests this Court to award the

18   following damages to the following parties and against Medtronic:

19        To the STATE OF INDIANA:

20        Three times the amount of actual damages which the State of Indiana has

21        sustained as a result of Medtronic's fraudulent and illegal practices;

22        Prejudgment interest; and

23        All costs incurred in bringing this action.

24        To RELATOR:

25        The maximum amount allowed pursuant to IC 5-11-5.5-6 and/or any other

26        applicable provision of law;

27        Reimbursement for reasonable expenses which Relator incurred in

28        connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT FIFTEEN

## VIOLATION OF THE LOUISIANA MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW

268.   Relator re-alleges and incorporate the allegations in paragraphs 1-267 as if fully set forth herein.  Additionally Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic. Medtronic conducts business in the State of Louisiana.   Upon information and belief, Medtronic's actions described herein occurred in Louisiana as well.

269.   This is a qui tam action brought by Relator and the State of Louisiana to recover treble damages and civil penalties under the Louisiana Medical Assistance Programs Integrity Law, La Rev. Stat. Ann § 437.1 et seq.

270.   La. Rev. Stat. Ann. § 438.3 provides –

No person shall knowingly present or cause to be presented a false or fraudulent claim;

No person shall knowingly engage in misrepresentation to obtain, or attempt to obtain, payment from medial assistance programs funds;

No person shall conspire to defraud, or attempt to defraud, the medical assistance programs through misrepresentation or by obtaining, or attempting to obtain, payment for a false or fraudulent claim;

271.   In addition, La. Rev. Stat. Ann.§ 438.2(A) prohibits the solicitation, receipt, offering or payment of any financial inducements, including kickbacks, bribes, rebated, etc., directly or indirectly, overtly or covertly, in cash or in kind, for furnishing health care goods or services paid for in whole or in part by the Louisiana medical assistance programs.

272.   Medtronic violated La. Rev. Stat. Ann § 438.2(A) from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

273.   Medtronic furthermore violated La. Rev. Stat. Ann. § 438.3 and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Louisiana from at least 2001 to the present by its violation of federal and state laws, including La. Rev. Stat. Ann. § 438.2(A), the Anti-Kickback Act and Stark Act, as described herein.

274.   The State of Louisiana, by and through the Louisiana Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

275.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Louisiana in connection with Medtronic's fraudulent and illegal practices.

276.   Had the State of Louisiana known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic'ss fraudulent and illegal practices.

277.   As a result of Medtronic's violations of La. Rev. Stat. Ann. § 438.3 the State of Louisiana has been damaged in an amount far in excess of millions of dollars exclusive of interest.

278.   Adolfo Schroeder is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to La. Rev. Stat. Ann. § 439.1(A) on behalf of himself and the State of Louisiana.

279.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Louisiana in the operation of its Medicaid program.

280.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF LOUISIANA:

Three times the amount of actual damages which the State of Louisiana has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Medtronic caused to be presented to the State of Louisiana;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to La. Rev. Stat. § 439.4(A) and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award or reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT SIXTEEN

**VIOLATION OF THE MASSACHUSETTS FALSE CLAIMS ACT**

281.   Relator re-alleges and incorporate the allegations in paragraphs 1-280 as if fully set forth herein.   Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.     Medtronic conducts business in the Commonwealth of Massachusetts.   Upon information and belief, Medtronic's actions described herein occurred in Massachusetts as well.

282.   This is a qui tam action brought by Relator and State of Massachusetts for treble damages and penalties under Massachusetts False Claims Act, Mass. Gen. Laws Ann. Chap 12 § 5(A) et seq.

283.   Mass. Gen. Laws Ann. Chap 12 § 5B provides liability for any person who—

First Amended Complaint and Demand for Jury Trial

Knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

Knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the commonwealth or any political subdivision thereof;

Conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim;

Is a beneficiary of an inadvertent submission of a false claim to the common wealth or political subdivision thereof, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the commonwealth or political subdivision within a reason able time after discovery of the false claim.

284.   In addition, Mass. Gen. Laws Ann. Chap. 118E § 41 prohibits the solicitation, receipt or offering of any remuneration, including any bribe ore rebate, directly or indirectly, overtly or covertly, in cash or in kind in return for furnishing any good, service or item for which payment may be made in whole or in part under the Massachusetts Medicaid program.

285.   Medtronic violated Mass. Gen. Laws Ann. Chap. 118E § 41 from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

286.   Medtronic furthermore violated Mass. Gen. Laws Ann. Chap 12 § 5B and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Massachusetts from at least 2001 to the present by its violation of federal and state laws, including Mass. Gen. Laws Ann. Chap. 118E § 41, the Anti-Kickback Act and the Stark Act, as described herein.

287.   The State of Massachusetts, by and through the Massachusetts Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health

1  care providers and third party payers in connection therewith.

2  288.  Compliance with applicable Medicare, Medicaid and the various other

3  federal and state laws cited herein was an implied, and upon information and belief,

4  also an express condition of payment of claims submitted to the State of

5  Massachusetts in connection with Medtronic's fraudulent and illegal practices.

6  289.  Had the State of Massachusetts known that Medtronic was violating

7  the federal and state laws cited herein, it would not have paid the claims submitted

8  by health care providers and third party payers in connection with Medtronic's

9  fraudulent and illegal practices.

10  290.  As a result of Medtronic's violatons of Mass. Gen. Laws Ann. Chap.

11  12 § 5B the State of Massachusetts has been damaged in an amount far in excess of

12  millions of dollars exclusive of interest.

13  291.  Adolfo Schroeder is a private person with direct and independent

14  knowledge of the allegations of the Compliant, who has brought this action

15  pursuant to Mass. Gen. Laws Ann Chap. 12 § 5(c(2)  on behalf of himself and the

16  State of Massachusetts.

17  292.  This Court is requested to accept supplemental jurisdiction of this

18  related state claim as it is predicated upon that exact same facts as the federal claim,

19  and merely asserts separate damage to the State of Massachusetts in the operation

20  of its Medicaid program.

21  293.  WHEREFORE, Relator respectfully requests this Court to award the

22  following damages to the following parties and against Medtronic:

23  To the STATE OF MASSACHUSETTS:

24  Three times the amount of actual damages which that State of Massachusetts

25  has sustained as a result of Medtronic's fraudulent and illegal practices;

26  A civil penalty of not less than $5,000 and not more than $10,000 for each

27  false claim which Medtronic caused to be presented to the State of

28  Massachusetts;

1     Prejudgment interest; and

2     All costs incurred in bringing this action.

3     To RELATOR:

4     The maximum amount allowed pursuant to Mass. Gen. Laws Ann. Chap. 12

5     § 5F and/or any other applicable provision of law;

6     Reimbursement for reasonable expenses which Relator incurred in

7     connection with this action;

8     An award of reasonable attorneys' fees and costs; and

9     Such further relief as this Court deems equitable and just.

10     **COUNT SEVENTEEN**

11     **VIOLATION OF THE MICHIGAN MEDICAID FALSE CLAIM ACT**

12     294.   Relator re-alleges and incorporate the allegations in paragraphs 1-293

13 as if fully set forth herein.  Additionally, Relator states that the course of conduct

14 described in this Complaint was a nationwide practice of Medtronic.     Medtronic

15 conducts business in Michigan.  Upon information and belief, Medtronic's actions

16 described herein occurred in Michigan as well.

17     295.   This is a qui tam action brought by Relator and State of Michigan for

18 treble damages and penalties under Michigan Medicaid False Claim Act, M.C.L.A.

19 400.601 *et seq*.

20     296.   M.C.L.A. 400.607 provides liability for any person who, among other

21 things—

22     Causes to be made or presented to an employee or officer of this state a

23     claim under the social welfare act, Act No. 280 of the Public Acts of

24     1939, as amended, being sections 400.1 to 400.121 of the Michigan

25     Compiled Laws, upon or against the state, knowing the claim to be false.

26     Presents or causes to be made or presented a claim under the social

27     welfare act, Act No. 280 of the Public Acts of 1939, which he or she

28     knows falsely represents that the goods or services for which the claim is

1   made were medically necessary in accordance with professionally

2   accepted standards.

3   297.   In addition, M.C.L.A. 400.604 prohibits the solicitation, receipt or

4   offering of a kickback or bribe in connection with the furnishing of goods or

5   services for which payment is or may be made in whole or in part pursuant to the

6   Michigan Medicaid program.

7   298.   Medtronic violated M.C.L.A. 400.604 from at least 2001 to the present

8   by engaging in the fraudulent and illegal practices described herein.

9   299.   Medtronic furthermore violated M.C.L.A. 400.607 and knowingly

10   caused hundreds of thousands of false claims to be made, used and presented to the

11   State of Michigan from at least 2001 to the present by its violation of federal and

12   state laws, including M.C.L.A. 400.604, the Anti-Kickback Act and the Stark Act,

13   as described herein.

14   300.   The State of Michigan, by and through the Michigan Medicaid

15   program and other state health care programs, and unaware of Medtronic's

16   fraudulent and illegal practices, paid the claims submitted by health care providers

17   and third party payers in connection therewith.

18   301.   Compliance with applicable Medicare, Medicaid and the various other

19   federal and state laws cited herein was an implied, and upon information and belief,

20   also an express condition of payment of claims submitted to the State of Michigan

21   in connection with Medtronic's fraudulent and illegal practices.

22   302.   Had the State of Michigan known that Medtronic was violating the

23   federal and state laws cited herein, it would not have paid the claims submitted by

24   health care providers and third party payers in connection with Medtronic's

25   fraudulent and illegal practices.

26   303.   As a result of Medtronic's violations of M.C.L.A. 400.607 the State of

27   Michigan has been damaged in an amount far in excess of millions of dollars

28   exclusive of interest.

1    304.   Adolfo Schroeder is a private person with direct and independent

2    knowledge of the allegations of the Compliant, who has brought this action

3    pursuant to M.C.L.A. 400.610a on behalf of himself and the State of Michigan.

4    305.   This Court is requested to accept supplemental jurisdiction of this

5    related state claim as it is predicated upon that exact same facts as the federal claim,

6    and merely asserts separate damage to the State of Michigan in the operation of its

7    Medicaid program.

8    306.   WHEREFORE, Relator respectfully requests this Court to award the

9    following damages to the following parties and against Medtronic:

10   To the STATE OF MICHIGAN:

11   All damages to which the State of Michigan is entitled pursuant to M.C.L.A.

12   400.612;

13   Civil penalties for each false claim which Medtronic caused to be presented

14   to the State of Michigan;

15   Prejudgment interest; and

16   All costs incurred in bringing this action.

17   To RELATOR:

18   The maximum amount allowed pursuant to M.C.L.A. 400.610a(9) and/or any

19   other applicable provision of law;

20   Reimbursement for reasonable expenses which Relator incurred in

21   connection with this action;

22   An award of reasonable attorneys' fees and costs; and

23   Such further relief as this Court deems equitable and just.

24   ## COUNT EIGHTEEN

25   ## VIOLATION OF THE MONTANA FALSE CLAIMS ACT

26   307.   Relator re-alleges and incorporate the allegations in paragraphs 1-306

27   as if fully set forth herein.  Additionally, Relator states that the course of conduct

28   described in this Complaint was a nationwide practice of Medtronic.  Medtronic

1   conducts business in Montana.  Upon information and belief, Medtronic's actions

2   described herein occurred in Montana as well.

3         308.   This is a qui tam action brought by Relator and State of Montana for

4   treble damages and penalties under Montana False Claims Act, MT ST 17-8-401 *et*

5   *seq.*

6         309.   MT ST 17-8-403  provides liability for any person who—

7         knowingly presenting or causing to be presented to an officer or

8         employee of the governmental entity a false claim for payment or

9         approval;

10        knowingly making, using, or causing to be made or used a false record or

11        statement to get a false claim paid or approved by the governmental

12        entity;

13        conspiring to defraud the governmental entity by getting a false claim

14        allowed or paid by the governmental entity.

15        310.   In addition, MT ST 45-6-313 prohibits the solicitation, receipt or

16  offering any remuneration, including but not limited to a kickback, bribe, or rebate,

17  other than an amount legally payable under the medical assistance program, for

18  furnishing services or items for which payment may be made under the Montana

19  Medicaid program.

20        311.   Medtronic violated MT ST 45-6-313 from at least 2001 to the present

21  by engaging in the fraudulent and illegal practices described herein.

22        312.   Medtronic furthermore violated MT ST 17-8-403 and knowingly

23  caused hundreds of thousands of false claims to be made, used and presented to the

24  State of Montana from at least 2001 to the present by its violation of federal and

25  state laws, including MT ST 45-6-313, the Anti-Kickback Act and the Stark Act, as

26  described herein.

27        313.   The State of Montana, by and through the Montana Medicaid program

28  and other state health care programs, and unaware of Medtronic's fraudulent and

-81-

First Amended Complaint and Demand for Jury Trial

1   illegal practices, paid the claims submitted by health care providers and third party

2   payers in connection therewith.

3       314.   Compliance with applicable Medicare, Medicaid and the various other

4   federal and state laws cited herein was an implied, and upon information and belief,

5   also an express condition of payment of claims submitted to the State of Montana in

6   connection with Medtronic's fraudulent and illegal practices.

7       315.   Had the State of Montana known that Medtronic was violating the

8   federal and state laws cited herein, it would not have paid the claims submitted by

9   health care providers and third party payers in connection with Medtronic's

10  fraudulent and illegal practices.

11      316.   As a result of Medtronic's violations of MT ST 17-8-403 the State of

12  Montana has been damaged in an amount far in excess of millions of dollars

13  exclusive of interest.

14      317.   Adolfo Schroeder is a private person with direct and independent

15  knowledge of the allegations of the Compliant, who has brought this action

16  pursuant to MT ST 17-8-406 on behalf of himself and the State of Montana.

17      318.   This Court is requested to accept supplemental jurisdiction of this

18  related state claim as it is predicated upon that exact same facts as the federal claim,

19  and merely asserts separate damage to the State of Montana in the operation of its

20  Medicaid program.

21      319.   WHEREFORE, Relator respectfully requests this Court to award the

22  following damages to the following parties and against Medtronic:

23      To the STATE OF MONTANA:

24      Three times the amount of actual damages which that State of Montana has

25      sustained as a result of Medtronic's fraudulent and illegal practices;

26      A civil penalty of $10,000 for each false claim which Medtronic caused to be

27      presented to the State of Montana;

28      Prejudgment interest; and

First Amended Complaint and Demand for Jury Trial

1    All costs incurred in bringing this action.

2    To RELATOR:

3    The maximum amount allowed pursuant to MT ST 17-8-410 and/or any

4    other applicable provision of law;

5    Reimbursement for reasonable expenses which Relator incurred in

6    connection with this action;

7    An award of reasonable attorneys' fees and costs; and

8    Such further relief as this Court deems equitable and just.

### COUNT NINETEEN

### VIOLATION OF THE NEVADA FALSE CLAIMS ACT

320.    Relator re-alleges and incorporate the allegations in paragraphs 1-318 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.   Medtronic conducts business in the State of Nevada.   Upon information and belief, Medtronic's actions described herein occurred in Nevada as well.

321.    This is a qui tam action brought by Relator and the State of Nevada to recover treble damages and civil penalties under the Nevada False Claims Act, N.R.S. § 357.010 et. seq.

322.    N.R.S. § 357.040(1) provides liability for any person who—

Knowingly presents or causes to be presented a false claim for

payment or approval;

Knowingly makes or uses, or causes to be made or used, a false record

or statement to obtain payment or approval of a false claim;

Conspires to defraud by obtaining allowance or payment of a false

claim;

Is a beneficiary of an inadvertent submission of a false claim and, after

discovering the falsity of the claim, fails to disclose the falsity to the

state or political subdivision within a reasonable time.

First Amended Complaint and Demand for Jury Trial

323.   In addition, N.R.S. § 422.560 prohibits the solicitation, acceptance or receipt of anything of value in connection with the provision of medical goods or services for which payment may be made in whole or in part under the Nevada Medicaid program.

324.   Medtronic violated N.R.S. § 422.560 from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

325.   Medtronic furthermore violated N.R.S. § 357.040(1) and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Nevada from at least 2001 to the present by its violation of federal and state laws, including N.R.S. § 422.560, the Anti-Kickback Act and the Stark Act, as described herein.

326.   The State of Nevada, by and through the Nevada Medicaid program and other health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

327.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of clams submitted to the State of Nevada in connection with Medtronic's fraudulent and illegal practices.

328.   Had the State of Nevada known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

329.   As a result of Medtronic's violations of N.R.S. § 357.040(1) the State of Nevada has been damaged in an amount far in excess or millions of dollars exclusive of interest.

330.   Adolfo Schroeder is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action

1  pursuant to N.R.S. § 357.080(1) on behalf of himself and the State of Nevada.

2      331.  This Court is requested to accept supplemental jurisdiction of this
3  related state claim as it is predicted upon the exact same facts as the federal claim,
4  and merely asserts separate damage to the State of Nevada in the operation of its
5  Medicaid program.

6      332.  WHEREFORE, Relator respectfully requests this Court to award the
7  following damages to the following parties and against Medtronic:

8      To the STATE OF NEVADA:

9      Three times the amount of actual damages which the State of Nevada has
10     sustained as a result of Medtronic's fraudulent and illegal practices;

11     A civil penalty of not less than $2,000 and not more than $10,000 for each
12     false claim which Medtronic caused to be presented to the State of Nevada;

13     Prejudgment interest; and

14     All costs incurred in bringing this action.

15     To RELATOR:

16     The maximum amount allowed pursuant to N.R.S § 357.210 and/or any other
17     applicable provision of law;

18     Reimbursement for reasonable expenses which Relator incurred in
19     connection with this action;

20     An award of reasonable attorneys' fees and costs; and

21     Such further relief as this Court deems equitable and just.

22

23                      **COUNT TWENTY**
24     **VIOLATION OF THE NEW HAMPSHIRE FALSE CLAIMS ACT**

25     333.  Relator re-alleges and incorporate the allegations in paragraphs 1-331
26  as if fully set forth herein.  Additionally, Relator states that the course of conduct
27  described in this Complaint was a nationwide practice of Medtronic.  Medtronic
28  conducts business in the New Hampshire.  Upon information and belief,

Medtronic's actions described herein occurred in New Hampshire as well.

334.   This is a qui tam action brought by Relator and State of New Hampshire for treble damages and penalties under New Hampshire False Claims Act, N.H. Rev. Stat. § 167:61-b *et seq.*

335.   N.H. Rev. Stat. § 167:61-b provides liability for any person who—

Knowingly presents, or causes to be presented, to an officer or employee

of the department, a false or fraudulent claim for payment or approval.

Knowingly makes, uses, or causes to be made or used, a false record or

statement to get a false or fraudulent claim paid or approved by the

department.

Conspires to defraud the department by getting a false or fraudulent

claim allowed or paid.

336.   Medtronic violated N.H. Rev. Stat. § 167:61-b and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of New Hampshire from at least 2001 to the present by its violation of federal and state laws, including the Anti-Kickback Act and the Stark Act as described herein.

337.   The State of New Hampshire, by and through the New Hampshire Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

338.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of New Hampshire in connection with Medtronic's fraudulent and illegal practices.

339.   Had the State of New Hampshire known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

340.   As a result of Medtronic's violations of N.H. Rev. Stat. § 167:61-b the State of New Hampshire has been damaged in an amount far in excess of millions of dollars exclusive of interest.

341.   Adolfo Schroeder is a private person with direct and independent knowledge of the allegations of the Compliant, who has brought this action pursuant to N.H. Rev. Stat. § 167:61-c on behalf of himself and the State of New Hampshire.

342.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of New Hampshire in the operation of its Medicaid program.

343.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF NEW HAMPSHIRE:

Three times the amount of actual damages which that State of New Hampshire has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Medtronic caused to be presented to the State of New Hampshire;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to N.H. Rev. Stat. § 167:61-e and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

1    Such further relief as this Court deems equitable and just.

2    ## COUNT TWENTY-ONE

3    ## VIOLATION OF THE NEW JERSEY FALSE CLAIMS ACT

4    344.   Relator re-alleges and incorporate the allegations in paragraphs 1-343

5    as if fully set forth herein.   Additionally, Medtronic conducts business in the New

6    Jersey.   Upon information and belief, Medtronic's actions described herein

7    occurred in New Jersey as well.

8    345.   This is a qui tam action brought by Relator and State of New Jersey for

9    treble damages and penalties under New Jersey False Claims Act, N.J.S.A.

10   2A:32C-1 et seq.

11   346.   N.J.S.A. 2A:32C-3 provides liability for any person who—

12   Knowingly presents or causes to be presented to an employee, officer or

13   agent of the State, or to any contractor, grantee, or other recipient of

14   State funds, a false or fraudulent claim for payment or approval;

15   Knowingly makes, uses, or causes to be made or used a false record or

16   statement to get a false or fraudulent claim paid or approved by the

17   State;

18   Conspires to defraud the State by getting a false or fraudulent claim

19   allowed or paid by the State.

20   347.   In addition, N.J.S.A. 30:4D-17 prohibits solicitation, offers, or receipt

21   of any kickback, rebate or bribe in connection with the furnishing of items or

22   services for which payment is or may be made in whole or in part under the New

23   Jersey Medicaid program, or the furnishing of items or services whose cost is or

24   may be reported in whole or in part in order to obtain benefits or payments under

25   New Jersey Medicaid.

26   348.   Medtronic violated N.J.S.A. 30:4D-17 from at least 2001 to the present

27   by engaging in the fraudulent and illegal practices described herein.

28   349.   Medtronic furthermore violated N.J.S.A. 2A:32C-3 and knowingly

caused hundreds of thousands of false claims to be made, used and presented to the State of Nevada from at least 2001 to the present by its violation of federal and state laws, including N.J.S.A. 30:4D-17, the Anti-Kickback Act and the Stark Act, as described herein.

350.   The State of New Jersey, by and through the New Jersey Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

351.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of New Jersey in connection with Medtronic's fraudulent and illegal practices.

352.   Had the State of New Jersey known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

353.   As a result of Medtronic's violations of N.J.S.A. 2A:32C-3 the State of New Jersey has been damaged in an amount far in excess of millions of dollars exclusive of interest.

354.   Adolfo Schroeder is a private person with direct and independent knowledge of the allegations of the Compliant, who has brought this action pursuant to N.J.S.A. 2A:32C-5 on behalf of himself and the State of New Jersey.

355.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of New Jersey in the operation of its Medicaid program.

356.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF NEW JERSEY:

Three times the amount of actual damages which that State of New Jersey has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Medtronic caused to be presented to the State of New Jersey;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to N.J.S.A. 2A:32C-7and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT TWENTY-TWO

### VIOLATION OF THE NEW MEXICO MEDICAID FALSE CLAIMS ACT AND THE FRAUD AGAINST TAXPAYERS ACT

357.   Relator re-alleges and incorporate the allegations in paragraphs 1-356 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.    Medtronic conducts business in the State of New Mexico.   Upon information and belief, Medtronic's actions described herein occurred in the State of New Mexico as well.

358.   This is a qui tam action brought by Relator and the State of New Mexico to recover treble damages and civil penalties under the New Mexico Medicaid False Claims Act, N. M. S. A. 1978, § 27-14-1 *et seq.* and the New Mexico Fraud Against Taxpayers Act, N. M. S. A. 1978, § 44-9-1 *et seq.*

/ / /

First Amended Complaint and Demand for Jury Trial

359.  N. M. S. A. 1978, § 27-14-4 provides liability for any person who-

Presents, or causes to be presented, to the state a claim for payment under the Medicaid program knowing that the person receiving a Medicaid benefit or payment is not authorized or is not eligible for a benefit under the Medicaid program.

Makes, uses or causes to be made or used a record or statement to obtain a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false.

Conspires to defraud the state by getting a claim allowed or paid under the Medicaid program knowing that such claim is false or fraudulent.

360.  N.M.S.A. 1978 § 44-9-3 provides liability for any person who- Knowingly presents, or causes to be presented, to an employee, officer or agent of the state or to a contractor, grantee or other recipient of state funds a false or fraudulent claim for payment or approval;

Knowingly makes or uses, or causes to be made or used, a false, misleading or fraudulent record or statement to obtain or support the approval of or the payment on a false or fraudulent claim;

Conspires to defraud the state by obtaining approval or payment on a false or fraudulent claim;

Conspires to make, use or cause to be made or used, a false, misleading or fraudulent record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state.

361.  Medtronic violated N. M. S. A. 1978, § 27-14-4 and N.M.S.A. 1978 § 44-9-3 from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

362.  Medtronic furthermore violated N. M. S. A. 1978, § 27-14-4 and N.M.S.A. 1978 § 44-9-3 and knowingly caused thousands of false claims to be made, used and presented to the State of New Mexico from at least 2001 to the present by its violation of federal and state laws, including the Anti-Kickback Act,

1   and Stark Act, as described herein.

2   363.   The State of New Mexico, by and through the State of New Mexico

3   Medicaid program and other state health care programs, and unaware of

4   Medtronic's fraudulent and illegal practices, paid the claims submitted by health

5   care providers and third payers in connection therewith.

6   364.   Compliance with applicable Medicare, Medicaid and the various other

7   federal and state laws cited herein was an implied, and upon information and belief,

8   also an express condition of payment of claims submitted to the State of New

9   Mexico in connection with Medtronic's fraudulent and illegal practices.

10   365.   Had the State of New Mexico known that Medtronic was violating the

11   federal and state laws cited herein, it would not have paid the claims submitted by

12   health care providers and third party payers in connection with Medtronic's

13   fraudulent and illegal practices.

14   366.   As a result of Medtronic's violations of N. M. S. A. 1978, § 27-14-4

15   and N.M.S.A. 1978 § 44-9-3 the State of New Mexico has been damaged in an

16   amount far in excess of millions of dollars exclusive of interest.

17   367.   Adolfo Schroeder is a private person with direct and independent

18   knowledge of the allegations of this Complaint, who has brought this action

19   pursuant to N. M. S. A. 1978, § 27-14-7 and N. M. S. A. 1978, § 44-9-5 on behalf

20   of himself and the State of New Mexico.

21   368.   This Court is requested to accept supplemental jurisdiction of this

22   related state claim as it is predicated upon the exact same facts as the federal claim,

23   and merely asserts separate damage to the State of New Mexico in the operation of

24   its Medicaid program.

25   369.   WHEREFORE, Relator respectfully requests this Court to award the

26   following damages to the following parties and against Medtronic:

27   / / /

28   / / /

To the STATE OF NEW MEXICO:

Three times the amount of actual damages which the State of New Mexico has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Medtronic caused to be presented to the State of New Mexico;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to N. M. S. A. 1978, § 27-14-9 and N. M. S. A. 1978, § 44-9-7 and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

## COUNT TWENTY-THREE

### VIOLATION OF THE NEW YORK FALSE CLAIMS ACT

370.   Relator re-alleges and incorporate the allegations in paragraphs 1-369 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic. Medtronic conducts business in the New York.  Upon information and belief, Medtronic's actions described herein occurred in New York as well.

371.   This is a qui tam action brought by Relator and State of New York for treble damages and penalties under New York False Claims Act, McKinney's State Finance Law § 187 *et seq.*

372.   McKinney's State Finance Law § 189 provides liability for any person who—

Knowingly presents, or causes to be presented, to any employee, officer

First Amended Complaint and Demand for Jury Trial

or agent of the state or a local government, a false or fraudulent claim for payment or approval;

Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state or a local government;

Conspires to defraud the state or a local government by getting a false or fraudulent claim allowed or paid.

373.   Medtronic violated § 189 from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

374.   Medtronic furthermore violated § 189 and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Nevada from at least 2001 to the present by its violation of federal and state laws, including the Anti-Kickback Act and the Stark Act, as described herein.

375.   The State of New York, by and through the New York Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

376.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of New York in connection with Medtronic's fraudulent and illegal practices.

377.   Had the State of New York known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

378.   As a result of Medtronic's violations of § 189 the State of New York has been damaged in an amount far in excess of millions of dollars exclusive of interest.

First Amended Complaint and Demand for Jury Trial

379.   Adolfo Schroeder is a private person with direct and independent knowledge of the allegations of the Compliant, who has brought this action pursuant to McKinney's State Finance Law § 190(2) on behalf of himself and the State of New York.

380.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of New York in the operation of its Medicaid program.

381.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF NEW YORK:

Three times the amount of actual damages which that State of New York has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Medtronic caused to be presented to the State of New York;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to McKinney's State Finance Law § 190(6) and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

/ / /

/ / /

/ / /

First Amended Complaint and Demand for Jury Trial

## COUNT TWENTY-FOUR

## VIOLATION OF THE OKLAHOMA MEDICAID FALSE CLAIMS ACT

382.   Relator re-alleges and incorporate the allegations in paragraphs 1-381 as if fully set forth herein.   Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.   Medtronic conducts business in the State of Oklahoma.   Upon information and belief, Medtronic's actions described herein occurred in the State of Oklahoma as well.

383.   This is a qui tam action brought by Relator and the State of Oklahoma to recover treble damages and civil penalties under the Oklahoma Medicaid False Claims Act, 63 Okl. St. Ann. § 5053 *et seq.*.

384.   63 Okl. St. Ann. § 5053.1 provides liability for any person who-
Knowingly presents, or causes to be presented, to an officer or employee of the State of Oklahoma, a false or fraudulent claim for payment or approval;
Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;
Conspires to defraud the state by getting a false or fraudulent claim allowed or paid;

385.   In addition, 56 Okl. St. Ann. § 1005 prohibits solicitation or acceptance of a benefit, pecuniary benefit, or kickback in connection with goods or services paid or claimed by a provider to be payable by the Oklahoma Medicaid Program.

386.   Medtronic violated 56 Okl. St. Ann. § 1005 from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

387.   Medtronic furthermore violated 63 Okl. St. Ann. § 5053.1 and knowingly caused thousands of false claims to be made, used and presented to the State of Oklahoma from at least 2001 to the present by its violation of federal and

state laws, including 56 Okl. St. Ann. § 1005, the Anti-Kickback Act, and Stark Act, as described herein.

388. The State of Oklahoma, by and through the State of Oklahoma Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

389. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Oklahoma in connection with Medtronic's fraudulent and illegal practices.

390. Had the State of Oklahoma known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

391. As a result of Medtronic's violations of 63 Okl. St. Ann. § 5053.1 the State of Oklahoma has been damaged in an amount far in excess of millions of dollars exclusive of interest.

392. Adolfo Schroeder is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to 63 Okl. St. Ann. § 5053.2(B) on behalf of himself and the State of Oklahoma.

393. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Oklahoma in the operation of its Medicaid program.

394. WHEREFORE, Relator respectfully requestss this Court to award the following damages to the following parties and against Medtronic:

/ / /

1   To the STATE OF OKLAHOMA:

2   Three times the amount of actual damages which the State of Oklahoma has

3   sustained as a result of Medtronic's fraudulent and illegal practices;

4   A civil penalty of not less than $5,000 and not more than $10,000 for each

5   false claim which Medtronic caused to be presented to the State of

6   Oklahoma;

7   Prejudgment interest; and

8   All costs incurred in bringing this action.

9   To RELATOR:

10   The maximum amount allowed pursuant 63 Okl. St. Ann. § 5053.4 and /or

11   any other applicable provision of law;

12   Reimbursement for reasonable expenses which Relator incurred in

13   connection with this action;

14   An award of reasonable attorneys' fees and costs; and

15   Such further relief as this court deems equitable and just.

16   ## COUNT TWENTY-FIVE

17   ### VIOLATION OF THE RHODE ISLAND FALSE CLAIMS ACT

18   395.   Relator re-alleges and incorporate the allegations in paragraphs 1-394

19   as if fully set forth herein.  Additionally, Relator states that the course of conduct

20   described in this Complaint was a nationwide practice of Medtronic.   Medtronic

21   conducts business in the State of Rhode Island.   Upon information and belief,

22   Medtronic's actions described herein occurred in the State of Rhode Island as well.

23   396.   This is a qui tam action brought by Relator and the State of Rhode

24   Island to recover treble damages and civil penalties under the Rhode Island False

25   Claims Act, Gen. Laws 1956, § 9-1.1-1 *et seq.*

26   397.   Gen. Laws 1956, § 9-1.1-3 provides liability for any person who-

27   knowingly presents, or causes to be presented, to an officer or employee

28   of the state or a member of the guard a false or fraudulent claim for

1    payment or approval;

2    knowingly makes, uses, or causes to be made or used, a false record or

3    statement to get a false or fraudulent claim paid or approved by the state;

4    conspires to defraud the state by getting a false or fraudulent claim

5    allowed or paid.

6    398.   In addition, Gen. Laws 1956, § 40-8.2-3 prohibits the solicitation, receipt, offer, or payment of any remuneration, including any kickback, bribe, or rebate, directly or indirectly, in cash or in kind, to induce referrals from or to any person in return for furnishing of services or merchandise or in return for referring an individual to a person for the furnishing of any services or merchandise for which payment may be made, in whole or in part, under the Rhode Island Medicaid program.

13    399.   Medtronic violated Gen. Laws 1956, § 40-8.2-3 from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

15    400.   Medtronic furthermore violated Gen. Laws 1956, § 9-1.1-3 and knowingly caused thousands of false claims to be made, used and presented to the State of Rhode Island from at least 2001 to the present by its violation of federal and state laws, including Gen. Laws 1956, § 40-8.2-3, the Anti-Kickback Act, and Stark Act, as described herein.

20    401.   The State of Rhode Island, by and through the State of Rhode Island Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

24    402.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Rhode Island in connection with Medtronic's fraudulent and illegal practices.

403.   Had the State of Rhode Island known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

404.   As a result of Medtronic's violations of Gen. Laws 1956, § 9-1.1-3 the State of Rhode Island has been damaged in an amount far in excess of millions of dollars exclusive of interest.

405.   Adolfo Schroeder is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Gen. Laws 1956, § 9-1.1-4(b) on behalf of himself and the State of Rhode Island.

406.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Rhode Island in the operation of its Medicaid program.

407.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF RHODE ISLAND:

Three times the amount of actual damages which the State of Rhode Island has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Medtronic caused to be presented to the State of Rhode Island;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant Gen. Laws 1956, § 9-1.1-4(d) and/or any other applicable provision of law;

First Amended Complaint and Demand for Jury Trial

1   Reimbursement for reasonable expenses which Relator incurred in

2   connection with this action;

3   An award of reasonable attorneys' fees and costs; and

4   Such further relief as this court deems equitable and just.

## COUNT TWENTY-SIX

## VIOLATION OF THE TENNESSEE FALSE CLAIMS ACT

7   408.   Relator re-alleges and incorporate the allegations in paragraphs 1-407

8   as if fully set forth herein.  Additionally, Relator states that the course of conduct

9   described in this Complaint was a nationwide practice of Medtronic.     Medtronic

10  conducts business in the State of Tennessee.   Upon information and belief,

11  Medtronic's actions described herein occurred in Tennessee as well.

12  409.   This is a qui tam action brought by Relator and the State of Tennessee

13  to recover treble damages and civil penalties under the Tennessee Medicaid False

14  Claims Act, Tenn. Code Ann. § 71-5-181 et seq.

15  410.   Section 71-5-182(a)(1) provides liability for any person who—

16  Presents, or causes to be presented to the state, a claim for payment

17  under the Medicaid program knowing such claim is false or fraudulent;

18  Makes or uses, or causes to be made or used, a record or statement to

19  get a false or fraudulent claim under the Medicaid program paid for a

20  approved by the state knowing such record or statement is false;

21  Conspires to defraud the State by getting a claim allowed or paid under

22  the Medicaid program knowing such claim is false or fraudulent.

23  411.   Medtronic violated Tenn. Code Ann. § 71-5-182(a)(1) and knowingly

24  caused hundreds of thousands of false claims to be made, used and presented to the

25  State of Tennessee from at least 2001 to the present by its violation of federal and

26  state laws, including the Anti-Kickback Act and the Stark Act, as described herein.

27  412.   The State of Tennessee, by and through the Tennessee Medicaid

28  program and other state health care programs, and unaware of Medtronic's

1   fraudulent and illegal practices, paid the claims submitted by health care providers

2   and third party payers in connection therewith.

3   413. Compliance with applicable Medicare, Medicaid and the various other

4   federal and state laws cited herein was an implied, and upon information and belief,

5   also an express condition of payment of claims submitted to the State of Tennessee

6   in connection with Medtronic's fraudulent and illegal practices.

7   414. Had the State of Tennessee known that Medtronic violated the federal

8   and state laws cited herein, it would not have paid the claims submitted by health

9   care providers and third party payers in connection with Medtronic's fraudulent and

10   illegal practices.

11   415. As a result of Medtronic's violations of Tenn. Code Ann. § 71-5-

12   182(a)(1), the State of Tennessee has been damaged in an amount far in excess of

13   millions of dollars exclusive of interest.

14   416. Adolfo Schroeder is a private person with direct and independent

15   knowledge of the allegations of this Complaint, who has brought this action

16   pursuant to Tenn. Code Ann. § 71-5-183(a)(1) on behalf of himself and the State of

17   Tennessee.

18   417. This Court is requested to accept supplemental jurisdiction of this

19   related state claim as it is predicated upon the exact same facts as the federal claim,

20   and merely asserts separate damage to the State of Tennessee in the operation of its

21   Medicaid program.

22   418. WHEREFORE, Relator respectfully requests this Court to award the

23   following damages to the following parties and against Medtronic:

24   To the STATE OF TENNESSEE:

25   Three times the amount of actual damages which the State of Tennessee has

26   sustained as a result of Medtronic's fraudulent and illegal practices;

27   A civil penalty of not less than $5,000 and not more than $10,000 for each

28   false claim which Medtronic caused to be presented to the State of

Tennessee;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed to Tenn. Code Ann. §71-5-183(c) and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT TWENTY-SEVEN

### VIOLATION OF THE TEXAS FALSE CLAIMS ACT

419.  Relator re-alleges and incorporate the allegations in paragraphs 1-418 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.  Medtronic conducts business in the State of Texas.  Medtronic's actions described herein occurred in Texas as well.

420.  This is a qui tam action brought by Relator and the State of Texas to recover double damages and civil penalties under the Texas False Claims Act, V.T.C.A. Hum. Res. Code § 36.001 et seq.

421.  V.T.C.A. Hum. Res. Code § 36.002, in relevant part, provides liability for any person who—

(1) knowingly makes or causes to be made a false statement or misrepresentation of a material fact to permit a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;

(2) knowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program

First Amended Complaint and Demand for Jury Trial

that is not authorized or that is greater than the benefit or payment that is authorized;

(3) knowingly applies for and receives a benefit or payment on behalf of another person under the Medicaid program and converts any part of the benefit or payment to a use other than for the benefit of the person on whose behalf it was received

\*       \*       \*

(5) except as authorized under the Medicaid program, knowingly pays, charges, solicits, accepts, or receives, in addition to an amount paid under the Medicaid program, a gift, money, a donation, or other consideration as a condition to the provision of a service or product or the continued provision of a service or product if the cost of the service or product is paid for, in whole or in part, under the Medicaid program;

\*       \*       \*

(5) except as authorized under the Medicaid program, knowingly pays, charges, solicits, accepts, or receives, in addition to an amount paid under the Medicaid program, a gift, money, a donation, or other consideration as a condition to the provision of a service or product or the continued provision of a service or product if the cost of the service or product is paid for, in whole or in part, under the Medicaid program;

\*       \*       \*

(9) knowingly enters into an agreement, combination, or conspiracy to defraud the state by obtaining or aiding another person in obtaining an unauthorized payment or benefit from the Medicaid program or a fiscal agent;

\*       \*       \*

(12) knowingly makes, uses, or causes the making or use of a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to this state under the Medicaid program.

/ / /

First Amended Complaint and Demand for Jury Trial

422.   Medtronic violated V.T.C.A. Hum. Res. Code § 36.002 and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Texas from at least 2001 to the present by its violation of federal and state laws, including, the Anti-Kickback Act and the Stark Act, as described herein.

423.   The State of Texas, by and through the Texas Medicaid program and other state healthcare programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

424.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Texas in connection with Medtronic's fraudulent and illegal practices.

425.   Had the State of Texas known that Medtronic was violating the federal and state laws cited herein, it wound not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

426.   As a result of Medtronic's violations of V.T.C.A. Hum. Res. Code § 36.002, the State of Texas has been damaged in an amount far in excess of millions of dollars exclusive of interest.

427.   Medtronic did not, within 30 days after it first obtained information as to such violations, furnish such information to officials of the State responsible for investigating false claims violations, did not otherwise fully cooperate with any investigation of the violations, and have not otherwise furnished information to the State regarding the claims for reimbursement at issue.

428.   Adolfo Schroeder is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to V.T.C.A. Hum. Res. Code § 36.101 on behalf of himself and the State of Texas.

429.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Texas in the operation of its Medicaid program.

430.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF TEXAS:

Damages at two times the value of any payment or monetary or in-kind benefit provided under the Medicaid program, directly or indirectly, as a result of the unlawful acts set forth above, as provided by the Texas Human Resources Code § 36.052(a)(1) & (4)

Civil penalties of $15,000 for each and every unlawful act set forth above that resulted in injury to a person younger than 18 years of age, as provided by the Texas Human Resources Code § 36.052(3)(A)

Pre- and post-judgment interest, Tex. Hum. Res. Code § 36.052(a)(2),

To RELATOR:

The maximum amount allowed pursuant to V.T.C.A. Hum Res. Code § 36.110(a), and/or any other applicable provision of law;

Reimbursement for reasonable expenses and costs which Relator incurred in connection with this action, Tex Hum Res. Code §§ 36.007 & 36.110(c);

Reasonable attorneys' fees which the Relator necessarily incurred in bringing and pressing this case, Tex Hum Res. Code §§ 36.007 & 36.110(c); and

Such further relief as this Court deems equitable and just.

## COUNT TWENTY-EIGHT

### VIOLATION OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT

431.   Relator re-alleges and incorporate the allegations in paragraphs 1-430 as if fully set forth herein.   Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.   Medtronic

1   conducts business in the Commonwealth of Virginia.  Upon information and belief,

2   Medtronic's actions described herein occurred in the Commonwealth of Virginia as

3   well.

4       432.   This is a qui tam action brought by Relator and the Commonwealth of

5   Virginia to recover treble damages and civil penalties under the Virginia Fraud

6   Against Taxpayers Act, Va. Code Ann. § 8.01-216.1 et seq.

7       433.   Va. Code Ann. § 8.01-216.3 provides liability for any person who-

8       Knowingly presents, or causes to be presented, to an officer or

9       employee of the Commonwealth a false or fraudulent claim for

10      payment or approval;

11      Knowingly makes, uses, or causes to be made or used, a false record or

12      statement to get a false or fraudulent claim paid or approved by the

13      Commonwealth

14      Conspires to defraud the Commonwealth by getting a false or

15      fraudulent claim allowed or paid

16      434.   Medtronic violated Va. Code Ann. § 8.01-216.3 from at least 2001 to

17  the present by engaging in the fraudulent and illegal practices described herein.

18      435.   Medtronic furthermore violated Va. Code Ann. § 8.01-216.3 and

19  knowingly caused thousands of false claims to be made, used and presented to the

20  Commonwealth of Virginia from at least 2001 to the present by its violation of

21  federal and state laws, including the Anti-Kickback Act and Stark Act, as described

22  herein.

23      436.   The Commonwealth of Virginia, by and through the Commonwealth

24  of Virginia Medicaid program and other state health care programs, and unaware of

25  Medtronic's fraudulent and illegal practices, paid the claims submitted by health

26  care providers and third payers in connection therewith.

27      437.   Compliance with applicable Medicare, Medicaid and the various other

28  federal and state laws cited herein was an implied, and upon information and belief,

1  also an express condition of payment of claims submitted to the Commonwealth of

2  Virginia is connection with Medtronic's fraudulent and illegal practices.

3  438.   Had the Commonwealth of Virginia known that Medtronic was

4  violating the federal and state laws cited herein, it would not have paid the claims

5  submitted by health care providers and third party payers in connection with

6  Medtronic's fraudulent and illegal practices.

7  439.   As a result of Medtronic's violations of Va. Code Ann. § 8.01-216.3

8  the Commonwealth of Virginia has been damaged in an amount far in excess of

9  millions of dollars exclusive of interest.

10  440.   Adolfo Schroeder is a private person with direct and independent

11  knowledge of the allegations of this Complaint, who has brought this action

12  pursuant to Va. Code Ann. § 8.01-216.5(A) on behalf of himself and the

13  Commonwealth of Virginia

14  441.   This Court is requested to accept supplemental jurisdiction of this

15  related state claim as it is predicated upon the exact same facts as the federal claim,

16  and merely asserts separate damage to the Commonwealth of Virginia in the

17  operation of its Medicaid program.

18  442.   WHEREFORE, Relator respectfully requests this Court to award the

19  following damages to the following parties and against Medtronic:

20  To the COMMONWEALTH OF VIRGINIA:

21  Three times the amount of actual damages which the Commonwealth of

22  Virginia has sustained as a result of Medtronic's fraudulent and illegal

23  practices;

24  A civil penalty of not less than $5,000 and not more than $10,000 for each

25  false claim which Medtronic caused to be presented to the Commonwealth of

26  Virginia;

27  Prejudgment interest; and

28  All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to Va. Code Ann. § 8.01-216.7 and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

## COUNT TWENTY-NINE

## VIOLATION OF THE WISCONSIN FALSE CLAIMS FOR MEDICAL ASSISTANCE ACT

443.   Relator re-alleges and incorporate the allegations in paragraphs 1-442 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.  Medtronic conducts business in the State of Wisconsin.   Upon information and belief, Medtronic's actions described herein occurred in the State of Wisconsin as well.

444.   This is a qui tam action brought by Relator and the State of Wisconsin to recover treble damages and civil penalties under the Wisconsin False Claims for Medical Assistance Act, W.S.A. 20.931 *et seq.*

445.   W.S.A. 20.931(2) provides liability for any person who-

Knowingly presents or causes to be presented to any officer, employee, or agent of this state a false claim for medical assistance.

Knowingly makes, uses, or causes to be made or used a false record or statement to obtain approval or payment of a false claim for medical assistance.

Conspires to defraud this state by obtaining allowance or payment of a false claim for medical assistance, or by knowingly making or using, or causing to be made or used, a false record or statement to conceal,

First Amended Complaint and Demand for Jury Trial

1    avoid, or decrease an obligation to pay or transmit money or property to

2    the Medical Assistance program.

3    446.  In addition, W.S.A. 49.49(2) prohibits solicitation or receipt of any

4    remuneration, including any kickback, bribe, or rebate, directly or indirectly,

5    overtly or covertly, in cash or in kind, in return for referring an individual to a

6    person for the furnishing or arranging for the furnishing of any item or service for

7    which payment may be made in whole or in part under any Wisconsin medical

8    assistance program.

9    447.  Medtronic violated W.S.A. 49.49(2) from at least 2001 to the present

10   by engaging in the fraudulent and illegal practices described herein.

11   448.  Medtronic furthermore violated W.S.A. 20.931(2) and knowingly

12   caused thousands of false claims to be made, used and presented to the State of

13   Wisconsin from at least 2001 to the present by its violation of federal and state

14   laws, including W.S.A. 49.49(2), the Anti-Kickback Act, and Stark Act, as

15   described herein.

16   449.  The State of Wisconsin, by and through the State of Wisconsin

17   Medicaid program and other state health care programs, and unaware of

18   Medtronic's fraudulent and illegal practices, paid the claims submitted by health

19   care providers and third payers in connection therewith.

20   450.  Compliance with applicable Medicare, Medicaid and the various other

21   federal and state laws cited herein was an implied, and upon information and belief,

22   also an express condition of payment of claims submitted to the State of Wisconsin

23   in connection with Medtronic's fraudulent and illegal practices.

24   451.  Had the State of Wisconsin known that Medtronic was violating the

25   federal and state laws cited herein, it would not have paid the claims submitted by

26   health care providers and third party payers in connection with Medtronic's

27   fraudulent and illegal practices.

28   ///

452.   As a result of Medtronic's violations of W.S.A. 20.931(2) the State of Wisconsin has been damaged in an amount far in excess of millions of dollars exclusive of interest.

453.   Adolfo Schroeder is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to W.S.A. 20.931(5) on behalf of himself and the State of Wisconsin.

454.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Wisconsin in the operation of its Medicaid program.

455.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF WISCONSIN:

Three times the amount of actual damages which the State of Wisconsin has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Medtronic caused to be presented to the State of Wisconsin;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant W.S.A. 20.931(11) and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

/ / /

## COUNT THIRTY

### VIOLATION OF THE COLORADO MEDICAID FALSE CLAIMS ACT

456.   Relator re-alleges and incorporate the allegations in paragraphs 1-455 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.  Medtronic conducts business in the State of Colorado.  Upon information and belief, Medtronic's actions described herein occurred in the State of Colorado as well.

457.   This is a qui tam action brought by Relator and the State of Colorado to recover treble damages and civil penalties under the Colorado Medicaid False Claims Act, Colorado Revised Statutes § 25.5-4-303.5. et seq.

458.   Colorado Revised Statutes § 25.5-4-305. provides liability for any person who-

> Knowingly presents, or causes to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval;

> Knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim;

> Has possession, custody, or control of property or money used, or to be used, by the state in connection with the "Colorado Medical Assistance Act" and knowingly delivers, or causes to be delivered, less than all of the money or property;

> Authorizes the making or delivery of a document certifying receipt of property used, or to be used, by the state in connection with the "Colorado Medical Assistance Act" and, intending to defraud the state, makes or delivers the receipt without completely knowing that the information on the receipt is true;

> Knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the state in connection with the "Colorado Medical Assistance Act" who lawfully may not sell or pledge the property;

> Knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state in connection with the "Colorado Medical Assistance Act", or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state in connection with the "Colorado Medical Assistance Act;"

1    Conspires to commit a violation of paragraphs (a) to (f) of this
2    subsection.

3    459.   Medtronic violated Colorado Revised Statutes § 25.5-4-305 from at

4    least 2001 to the present by engaging in the fraudulent and illegal practices

5    described herein.

6    460.   Medtronic furthermore violated Colorado Revised Statutes § 25.5-4-

7    305 and knowingly caused thousands of false claims to be made, used and

8    presented to the State of Colorado from at least 2001 to the present by its violation

9    of federal and state laws, including the Anti-Kickback Act, and the Stark Act, as

10   described herein.

11   461.   The State of Colorado, by and through the State of Colorado Medicaid

12   program and other state health care programs, and unaware of Medtronic's

13   fraudulent and illegal practices, paid the claims submitted by health care providers

14   and third payers in connection therewith.

15   462.   Compliance with applicable Medicare, Medicaid and the various other

16   federal and state laws cited herein was an implied, and upon information and belief,

17   also an express condition of payment of claims submitted to the State of Colorado

18   in connection with Medtronic's fraudulent and illegal practices.

19   463.   Had the State of Colorado known that Medtronic was violating the

20   federal and state laws cited herein, it would not have paid the claims submitted by

21   health care providers and third party payers in connection with Medtronic's

22   fraudulent and illegal practices.

23   464.   As a result of Medtronic's violations of Colorado Revised Statutes §

24   25.5-4-305 the State of Colorado has been damaged in an amount far in excess of

25   millions of dollars exclusive of interest.

26   465.   Relator Adolfo Schroeder, has direct and independent knowledge of

27   the allegations of this Complaint, has brought this action pursuant to Colorado

28   Revised Statutes § 25.5-4-306(2) on behalf of himself and the State of Colorado.

1    466.   This Court is requested to accept supplemental jurisdiction of this

2    related state claim as it is predicated upon the exact same facts as the federal claim,

3    and merely asserts separate damage to the State of Colorado in the operation of its

4    Medicaid program.

5    467.   WHEREFORE, Relator respectfully requests this Court to award the

6    following damages to the following parties and against Medtronic:

7    To the STATE OF COLORADO:

8    Three times the amount of actual damages which the State of Colorado has

9    sustained as a result of Medtronic's fraudulent and illegal practices;

10    A civil penalty of not less than $5,500 and not more than $11,000 for each

11    false claim which Medtronic caused to be presented to the State of Colorado;

12    Prejudgment interest; and

13    All costs incurred in bringing this action.

14    To RELATOR:

15    The maximum amount allowed pursuant to Colorado Revised Statutes §

16    25.5-4-306(4) and /or any other applicable provision of law;

17    Reimbursement for reasonable expenses which Relator incurred in

18    connection with this action;

19    An award of reasonable attorneys' fees and costs; and

20    Such further relief as this court deems equitable and just.

21    **COUNT THIRTY-ONE**

22    **VIOLATION OF THE CONNECTICUT FALSE CLAIMS ACT FOR**

23    **MEDICAL ASSISTANCE PROGRAMS**

24    468.   Relator re-alleges and incorporate the allegations in paragraphs 1-467

25    as if fully set forth herein.  Additionally, Relator states that the course of conduct

26    described in this Complaint was a nationwide practice of Medtronic.  Medtronic

27    conducts business in the State of Connecticut.  Upon information and belief,

28    Medtronic's actions described herein occurred in the State of Connecticut as well.

469.   This is a qui tam action brought by Relator and the State of Connecticut to recover treble damages and civil penalties under the Connecticut False Claims Act for Medical Assistance Programs, Connecticut General Statutes § 17b-301b. et seq.

470.   Connecticut General Statutes § 17b-301b. provides liability for any person who-

> Knowingly presents or causes to be presented to an officer or employee of the state a false or fraudulent claim for payment or approval under a medical assistance program administered by the Department of Social Services;

> Knowingly make, use or cause to be made or used, a false record or statement to secure the payment or approval by the state of a false or fraudulent claim under a medical assistance program administered by the Department of Social Services;

> Conspire to defraud the state by securing the allowance or payment of a false or fraudulent claim under a medical assistance program administered by the Department of Social Services;

471.   Medtronic violated Connecticut General Statutes § 17b-301b from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

472.   Medtronic furthermore violated Connecticut General Statutes § 17b-301b and knowingly caused thousands of false claims to be made, used and presented to the State of Connecticut from at least 2001 to the present by its violation of federal and state laws, including the Anti-Kickback Act, and the Stark Act, as described herein.

473.   The State of Connecticut, by and through the State of Connecticut Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

474.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief,

First Amended Complaint and Demand for Jury Trial

also an express condition of payment of claims submitted to the State of Connecticut in connection with Medtronic's fraudulent and illegal practices.

475.   Had the State of Connecticut known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

476.   As a result of Medtronic's violations of Connecticut General Statutes § 17b-301b the State of Connecticut has been damaged in an amount far in excess of millions of dollars exclusive of interest.

477.   Relator Adolfo Schroeder has direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Connecticut General Statutes § 17b-301d on behalf of himself and the State of Connecticut.

478.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Connecticut in the operation of its Medicaid program.

479.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF CONNECTICUT:

Three times the amount of actual damages which the State of Connecticut has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Medtronic caused to be presented to the State of Connecticut;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to Connecticut General Statutes § 17b-301 and /or any other applicable provision of law;

1    Reimbursement for reasonable expenses which Relator incurred in
2    connection with this action;
3    An award of reasonable attorneys' fees and costs; and
4    Such further relief as this court deems equitable and just.

## COUNT THIRTY-TWO

**VIOLATION OF THE MARYLAND MEDICAID FALSE CLAIMS AGAINST STATE HEALTH PLANS AND STATE HEALTH PROGRAMS ACT**

480.   Relator re-alleges and incorporate the allegations in paragraphs 1-479 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.  Medtronic conduct business in the State of Maryland.  Upon information and belief, Medtronic'a actions described herein occurred in the State of Maryland as well.

481.   This is a qui tam action brought by Relator and the State of Maryland to recover treble damages and civil penalties under the Maryland Medicaid False Claims Against State Health Plans and State Health Programs Act, Annotated Code of Maryland § 2-601 et seq.

482.   Annotated Code of Maryland § 2-602 provides liability for any person who-

Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval;

Knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim;

Conspires to commit a violation under this subtitle;
Has possession, custody, or control of money or other property used by or on behalf of the State under a State health plan or a State health program and knowingly delivers or causes to be delivered to the State less than all of that money or other property;

Knowingly makes any other false or fraudulent claim against a State health plan or a State health program.

483.   Medtronic violated the Annotated Code of Maryland § 2-602 from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

484.   Medtronic furthermore violated the Annotated Code of Maryland § 2-602 and knowingly caused thousands of false claims to be made, used and presented to the State of Maryland from at least 2001 to the present by its violation of federal and state laws, including the Anti-Kickback Act, and the Stark Act, as described herein.

485.   The State of Maryland, by and through the State of Maryland Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

486.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Maryland in connection with Medtronic's fraudulent and illegal practices.

487.   Had the State of Maryland known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

488.   As a result of Medtronic's violations of the Annotated Code of Maryland § 2-602 the State of Maryland has been damaged in an amount far in excess of millions of dollars exclusive of interest.

489.   Relator Adolfo Schroeder has direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to the Annotated Code of Maryland § 2-604 on behalf of himself and the State of Maryland.

First Amended Complaint and Demand for Jury Trial

490.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Maryland in the operation of its Medicaid program.

491.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF MARYLAND:

Three times the amount of actual damages which the State of Maryland has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than the amount of the actual damages the State health plan or State health program incurs as a result of the violation, and not more than $10,000 for each false claim which Medtronic caused to be presented to the State of Maryland;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to the Annotated Code of Maryland § 2-605 and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

## COUNT THIRTY-THREE

## VIOLATION OF THE WASHINGTON MEDICAID FRAUD ACT

492.   Relator re-alleges and incorporate the allegations in paragraphs 1-491 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic.  Medtronic

1    conduct business in the State of Washington.  Upon information and belief,

2    Medtronic's actions described herein occurred in the State of Washington as well.

3         493.   This is a qui tam action brought by Relator and the State of

4    Washington to recover treble damages and civil penalties under the Washington

5    False Claims Act, Washington Revised Code § 74 66-005 et seq.

6         494.   Washington Revised Code § 74 66-020 provides liability for any

7    person who-
                    Knowingly presents, or causes to be presented, a false or
8             fraudulent claim for payment or approval;

9                   Knowingly makes, uses, or causes to be made or used, a false
              record or statement material to a false or fraudulent claim;
10
                    Conspires to commit one or more of the violations in this
11            subsection.

12        495.   Medtronic violated Washington Revised Code § 74 66-020 from at

13   least 2001 to the present by engaging in the fraudulent and illegal practices

14   described herein.

15        496.   Medtronic furthermore violated Washington Revised Code § 74 66-

16   020 and knowingly caused thousands of false claims to be made, used and

17   presented to the State of Washington from at least 2001 to the present by its

18   violation of federal and state laws, including the Anti-Kickback Act, and the Stark

19   Act, as described herein.

20        497.   The State of Washington, by and through the State of Washington

21   Medicaid program and other state health care programs, and unaware of

22   Medtronic's fraudulent and illegal practices, paid the claims submitted by health

23   care providers and third payers in connection therewith.

24        498.   Compliance with applicable Medicare, Medicaid and the various other

25   federal and state laws cited herein was an implied, and upon information and belief,

26   also an express condition of payment of claims submitted to the State of

27   Washington in connection with Medtronic's fraudulent and illegal practices.

28

First Amended Complaint and Demand for Jury Trial

499.   Had the State of Washington known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

500.   As a result of Medtronic's violations of Washington Revised Code § 74 66-020 the State of Washington has been damaged in an amount far in excess of millions of dollars exclusive of interest.

501.   Relator Adolfo Schroeder has direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Washington Revised Code § 74 66-050 on behalf of himself and the State of Washington.

502.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Washington in the operation of its Medicaid program.

503.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF WASHINGTON:

Three times the amount of actual damages which the State of Washington has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,500, and not more than $11,000 for each false claim which Medtronic caused to be presented to the State of Washington;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to Washington Revised Code § 74 66-070 and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

## COUNT THIRTY-FOUR

### VIOLATION OF THE NORTH CAROLINA FALSE CLAIMS ACT

504.     Relator re-alleges and incorporate the allegations in the above paragraphs as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide practice of Medtronic. Medtronic conduct business in the State of North Carolina.  Upon information and belief, Medtronic's actions described herein occurred in the State of North Carolina as well.

505.     This is a qui tam action brought by Relator and the State of North Carolina to recover treble damages and civil penalties under the North Carolina False Claims Act, North Carolina General Statutes § 51-1-605 et seq.

506.   North Carolina General Statutes § 51-1-607 provides liability for any person who-

> Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval

> Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

> Conspires to commit a violation of subdivisions of this section.

507.     Medtronic violated North Carolina General Statutes § 51-1-607 from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

508.     Medtronic furthermore violated North Carolina General Statutes § 51-1-607 and knowingly caused thousands of false claims to be made, used and presented to the State of North Carolina from at least 2001 to the present by its violation of federal and state laws, including the Anti-Kickback Act, and the Stark Act, as described herein.

509.   The State of North Carolina, by and through the State of North Carolina Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

510.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of North Carolina in connection with Medtronic's fraudulent and illegal practices.

511.   Had the State of North Carolina known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

512.   As a result of Medtronic's violations of North Carolina General Statutes § 51-1-607 the State of North Carolina has been damaged in an amount far in excess of millions of dollars exclusive of interest.

513.   Relator Adolfo Schroeder has direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to North Carolina General Statutes § 51-1-608 on behalf of himself and the State of North Carolina.

514.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of North Carolina in the operation of its Medicaid program.

515.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF NORTH CAROLINA:

Three times the amount of actual damages which the State of North Carolina has sustained as a result of Medtronic's fraudulent and illegal practices;

1   A civil penalty of not less than $5,500, and not more than $11,000 for each

2   false claim which Medtronic caused to be presented to the State of North Carolina;

3   Prejudgment interest; and

4   All costs incurred in bringing this action.

5   To RELATOR:

6   The maximum amount allowed pursuant to North Carolina General Statutes §

7   51-1-610 and /or any other applicable provision of law;

8   Reimbursement for reasonable expenses which Relator incurred in

9   connection with this action;

10   An award of reasonable attorneys' fees and costs; and

11   Such further relief as this court deems equitable and just.

12   ## COUNT THIRTY-FIVE

13   ## VIOLATION OF THE MINNESOTA FALSE CLAIMS ACT

14   516.   Relator re-alleges and incorporate the allegations in the above

15   paragraphs as if fully set forth herein.  Additionally, Relator states that the course of

16   conduct described in this Complaint was a nationwide practice of Medtronic.

17   Medtronic conduct business in the State of Minnesota.  Upon information and

18   belief, Medtronic's actions described herein occurred in the State of Minnesota as

19   well.

20   517.   This is a qui tam action brought by Relator and the State of Minnesota

21   to recover treble damages and civil penalties under the Minnesota False Claims Act,

22   Minnesota Statutes § 15C.01 et seq.

23   518.   Minnesota Statutes § 15C.02 provides liability for any person who-

24   Knowingly presents, or causes to be presented, to an officer or
25   employee of the state or a political subdivision a false or fraudulent
     claim for payment or approval;

26   Knowingly makes or uses, or causes to be made or used, a false record
27   or statement to get a false or fraudulent claim paid or approved by the
     state or a political subdivision;

28

> Knowingly conspires to either present a false or fraudulent claim to
> the state or a political subdivision for payment or approval or makes,
> uses, or causes to be made or used a false record or statement to
> obtain payment or approval of a false or fraudulent claim.

519.   Medtronic violated Minnesota Statutes § 15C.02 from at least 2001 to the present by engaging in the fraudulent and illegal practices described herein.

520.   Medtronic furthermore violated Minnesota Statutes § 15C.02 and knowingly caused thousands of false claims to be made, used and presented to the State of Minnesota from at least 2001 to the present by its violation of federal and state laws, including the Anti-Kickback Act, and the Stark Act, as described herein.

521.   The State of Minnesota, by and through the State of Minnesota Medicaid program and other state health care programs, and unaware of Medtronic's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

522.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Minnesota in connection with Medtronic's fraudulent and illegal practices.

523.   Had the State of Minnesota known that Medtronic was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Medtronic's fraudulent and illegal practices.

524.   As a result of Medtronic's violations of Minnesota Statutes § 15C.02 the State of Minnesota has been damaged in an amount far in excess of millions of dollars exclusive of interest.

525.   Relator Adolfo Schroeder. has direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Minnesota Statutes § 15C.05 on behalf of himself and the State of Minnesota.

First Amended Complaint and Demand for Jury Trial

526.   This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Minnesota in the operation of its Medicaid program.

527.   WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Medtronic:

To the STATE OF MINNESOTA:

Three times the amount of actual damages which the State of Minnesota has sustained as a result of Medtronic's fraudulent and illegal practices;

A civil penalty of not less than $5,500, and not more than $11,000 for each false claim which Medtronic caused to be presented to the State of Minnesota;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to Minnesota Statutes § 15C.12 and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

## REQUESTS FOR RELIEF

WHEREFORE, the Relator, on behalf of the UNITED STATES, demands that judgment be entered in its favor and against Medtronic, with judgment to be entered against Medtronic for the amount of damages to the States' Medicaid Programs arising (a) from claims for each MEDTRONIC'S respective specified drugs and (b) jointly and severally with such other Medtronic for damages as set forth in each paragraph above and herein, as follows:

1.      On Count I (False Claims Act; Causing Presentation of False Claims) for triple the amount of the UNITED STATES' damages, plus civil penalties of no more than ten Thousand Dollars ($10,000.00) and no less than FIVE THOUSAND DOLLARS ($5,000.00) for each false claim;

2.      On Count II (False Claims Act; Causing False Statements To Be Used To Get False Claims Paid Or Approved By The GOVERNMENT) for triple the amount of UNITED STATES' damages plus civil penalties of no more than TEN THOUSAND DOLLARS ($10,000.00) and no less than FIVE THOUSAND DOLLARS ($5,000.00) for each false statement;

3.      On Count III (False Claims Act; Causing False Statements To Be Used To Conceal An Obligation To Pay Money To The GOVERNMENT) for triple amount of the UNITES STATES' damages plus civil penalties of no more than TEN THOUSAND DOLLARS ($10,000.00) and no less than FIVE THOUSAND DOLLARS ($5,000.00) for each false or fraudulent claim paid;

4.      On Count IV (False Claims Act; Causing Presentation of False And Fraudulent Claims; Illegal Remuneration) for triple amount of the UNITES STATES' damages plus civil penalties of no more than TEN THOUSAND DOLLARS ($10,000.00) and no less than FIVE THOUSAND DOLLARS ($5,000.00) for each false claim;

5.      On Count V (False Claims Act; Causing A False Record Or Statement To Be Made Or Used To Get A False Or Fraudulent Claim Paid Or Approved By The Government; Prohibited Referrals, Claims, and Compensation Arrangements) for triple amount of the UNITES STATES' damages plus civil penalties of no more than TEN THOUSAND DOLLARS ($10,000.00) and no less than FIVE THOUSAND DOLLARS ($5,000.00) for each false statement;

6.      On Count VI (False Claims Act; Conspiring To Defraud The Government By Getting A False Or Fraudulent Claim Allowed Or Paid) for triple amount of the UNITES STATES' damages plus civil penalties of no more than

First Amended Complaint and Demand for Jury Trial

1    TEN THOUSAND DOLLARS ($10,000.00) and no less than FIVE THOUSAND

2    DOLLARS ($5,000.00) for each false record or statement.

3       Further, the Relator, on his behalf, requests that it receive the maximum

4    amount as permitted by the law, of the proceeds of this action or settlement of this

5    action collected by the UNITED STATES, plus an amount for reasonable expenses

6    incurred, plus reasonable attorneys' fees and costs of this action. The Relator

7    requests that his award be based upon the total value recovered, both tangible and

8    intangible, including any amounts received from individuals or entities not parties

9    to this action.

10                   ***DEMAND FOR JURY TRIAL***

11    Relator hereby demands a jury trial.

12

13

14    Dated: November 7, 2013      **UNITED STATES OF AMERICA,**
                                            **ex rel.  Relator**

15

16                                  By: _____

17                                   **Kershaw Cutter & Ratinoff, LLP**
                                  C. Brooks Cutter

18                                   John. R. Parker, Jr.
                                  401 Watt Avenue

19                                   Sacramento, CA 95864
                                  Tel. 916-448-9800

20                                   Fax. 916-669-4499

21

22                                   Mychal Wilson
                                  The Law Offices of Mychal Wilson

23                                   1875 Century Park East, 6th Floor
                                  Los Angeles, CA 90067

24                                   Telephone:  (310) 407-5380
                                  Facsimile:   (310) 424-7116

25

26                                   *ATTORNEYS FOR RELATOR ADOLFO*
                                  *SCHROEDER*

27

28

First Amended Complaint and Demand for Jury Trial

## PROOF OF SERVICE

      I am employed in the County of Sacramento.  I am over the age of eighteen years and not a party to the within entitle action; my business address is Kershaw, Cutter & Ratinoff, LLP, 401 Watt Avenue, Sacramento, California 95864.

      On the date below, I served a copy of the following document(s) described as ***FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND*** on the interested party(ies) in this action as follows:  **SEE ATTACHED SERVICE LIST.**

| | |
|---|---|
| X | **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope(s) addresses as above or on the service list, and placing each for collection and mailing on that date following ordinary business practices.  I am "readily familiar" with the business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Sacramento, California, in a sealed envelope with postage fully prepaid |
| X | **BY OVERNIGHT DELIVERY:**  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above or on the service list.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY FACSIMILE:**  Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above or on the service list on the date above at approximately _____ a.m./p.m.  The telephone number of the sending facsimile machine was (916) 669-4499.  The sending facsimile machine issued a transmission reporting confirming that the transmission was complete and without error.  A copy of that report is attached. |
| | **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from ***asotuela@kcrlegal.com*** to the person(s) at the e-mail address(es) listed above or on the service list. |
| | **BY PERSONAL SERVICE:**  I ***caused*** the above documents to be hand delivered to the party(ies) listed above or on the service list. |
| X | **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| | **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct. |

     Executed on Thursday, November 07, 2013, at Sacramento, California.

Ana Marie Sotuela

First Amended Complaint and Demand for Jury Trial

1

2

## SERVICE LIST

3

Benjamine B. Wagner, United State Attorney
Catherine J. Swann, Assistant US Attornye
Office of the United States
501 I Street, 10th Floor
Sacramento, CA 95814
Tel.: 916.554.2762
Fax: 916.554.2900

*Served by Overnight Mail*

Adam Schartz
Department of Justice
Civil Division
Commerical Ligiation Branch
Post Office Box 261
Benjamin Franklin Station
Washington, DC 20044
Tel.: 202.514.6831
Fax: 202.514.0280

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint and Demand for Jury Trial