# Exhibit M

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WISCONSIN<br><br>*ex rel.* Cathleen Forney<br>*Plaintiffs*<br><br><br>v.  MEDTRONIC, INC.<br><br>*Defendant*. | Civil Action No. 15-cv-6264<br><br>**JURY DEMAND** |

**RELATOR'S OBJECTIONS AND RESPONSES TO DEFENDANT MEDTRONIC, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Relator hereby objects and responds to Medtronic's First Set of Requests for Production of Documents served pursuant to Rule 34 of the Federal Rules of Civil Procedure.

***DOCUMENT REQUEST NO. 1***

All Communications with the Government, including but not limited to all Documents produced or provided to the Government, in connection with or relating to the Pending Qui Tam Litigation or its allegations, regardless of date.

*RESPONSE*

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

*DOCUMENT REQUEST NO. 2*

All Documents that You received from anyone, including all Documents that You received from the Government, in connection with or relating to the Pending Qui Tam Litigation or its allegations or any investigation by You or the Government of the allegations in the Pending Qui Tam Litigation, regardless of date.

*RESPONSE*

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

*DOCUMENT REQUEST NO. 3*

All Documents that reflect or relate to any efforts by You to investigate the allegations in the Pending Qui Tam Litigation, regardless of date. This includes, but is not limited to, all Documents regarding any Persons, including those currently or formerly employed by Medtronic, that You contacted in connection with Your efforts and any Communications with those Persons.

*RESPONSE*

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

### DOCUMENT REQUEST NO. 4

All Documents, regardless of date, reflecting Communications among or between the Relator and any third party, excluding counsel, relating to the Defendant and/or the Pending Qui Tam Litigation or its allegations.

*RESPONSE*

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

### DOCUMENT REQUEST NO. 5

All Documents cited, quoted, or otherwise referenced in the Complaint, including all policies, guides, manuals, guidelines, workbooks, or worksheets.

*RESPONSE*

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest

privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

### DOCUMENT REQUEST NO. 6

All Documents or Communications relating to any employee compensation, reward or incentive program, commission, or bonus, established or provided by the Defendant, as alleged in the Complaint.

### RESPONSE

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

### DOCUMENT REQUEST NO. 7

All Documents or Communication relating to the job specifications, requirements, and training of any Clinical Specialist, Device Check Specialist, and Sales Representative.

### RESPONSE

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will

complete its production, if any, in response to this Request on or before October 6, 2017.

## DOCUMENT REQUEST NO. 8

All Documents or Communications relating to any credentialing or background checks funded by the Defendant, as alleged in the Complaint.

## RESPONSE

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

## DOCUMENT REQUEST NO. 9

All Documents or Communications relating to any staffing or service provided by the Defendant to any Medical Provider, including, for example, any analysis, data entry, documentation, surgical assistance, implant device follow up interrogation or analysis, device check, remote monitoring, transmission review, patient education, device programming, scheduling, billing, and insurance correspondence, as alleged in the Complaint.

## RESPONSE

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

**DOCUMENT REQUEST NO. 10**

All Documents or Communications relating to any consulting services provided to any Medical Provider, including, for example, any reimbursement-related consulting or practice management consulting, as alleged in the Complaint.

*RESPONSE*

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction.  Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

*DOCUMENT REQUEST NO. 11*

All Documents or Communications relating to the Defendant's "'lean sigma' training," as alleged in the Complaint.

*RESPONSE*

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction.  Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

## DOCUMENT REQUEST NO. 12

All Documents or Communications relating to the Process Redesign and Optimization for Cardiovascular Services (PRO/CV) program.

## RESPONSE

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction.  Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

## DOCUMENT REQUEST NO. 13

All Documents or Communications relating to any educational or training services provided to any Medical Provider.

## RESPONSE

Relator objects to this Request as overbroad and vague, and to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction.  Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

## DOCUMENT REQUEST NO. 14

All Documents or Communications not otherwise produced relating to any alleged

remuneration or financial benefit the Defendant provided to any Medical Provider, alleged in the Complaint.

**RESPONSE**

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

**DOCUMENT REQUEST NO. 15**

All Documents reflecting Communications with, about, or involving current or former employees of Defendants regarding the Pending Qui Tam Litigation or the allegations in the Complaint.

**RESPONSE**

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

**DOCUMENT REQUEST NO. 16**

All Documents or Communications relating to the Pending Qui Tam Litigation or the allegations in the Complaint that You took with You or retained when Your employment with Medtronic ended.

*RESPONSE*

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

*DOCUMENT REQUEST NO. 17*

All Documents or Communications relating to your separation from Medtronic, including but not limited to any agreements with Medtronic.

*RESPONSE*

Relator objects to this Request as seeking irrelevant information because Relator has not asserted any employment claims. Relator also objects to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

*DOCUMENT REQUEST NO. 18*

All Documents or Communications that You allege reflect or relate to any false claims for payment submitted to any Government Health Care Program.

*RESPONSE*

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

*DOCUMENT REQUEST NO. 19*

All Documents that You intend to use, whether or not You intend to introduce such Documents into evidence, at any deposition, hearing, or trial related to the Complaint.

*RESPONSE*

Relator objects to this Request to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction. Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

*DOCUMENT REQUEST NO. 20*

All Documents not otherwise requested herein concerning any matter alleged in the Complaint.

*RESPONSE*

Relator objects to this Request as overbroad and vague and to the extent it calls for attorney-client communications, the work product doctrine, the joint prosecution privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction.  Subject to and without waiving the foregoing objection, Relator will complete its production, if any, in response to this Request on or before October 6, 2017.

Respectfully submitted on October 1, 2017 by:

LAW OFFICES OF SUSAN L. BURKE

___/s/*Susan L. Burke*_____
Susan L. Burke
1611 Park Avenue
Baltimore, MD 21217
Telephone: (410) 733.5444
Facsimile: (410) 733.5444
 sburke@burkepllc.com

| GROSS MCGINLEY, LLP | GROSS MCGINLEY, LLP |
|---|---|
| Susan Ellis Wild, Esquire #51971 | Howard S. Stevens, Esquire #42848 |
| swild@grossmcginley.com | hstevens@grossmcginley.com |
| 33 S. 7th Street, PO Box 4060 | 33 S. 7th Street, PO Box 4060 |
| Allentown, PA  18105-4060 | Allentown, PA  18105-4060 |
| Phone:  610-820-5450    Fax: 610-820-6006 | Phone:  610-820-5450    Fax: 610-820-6006 |